PATRICK DORAN v. HUGO A. THOMSEN.

Argued June 1, 1909—Decided November 9, 1909.

Where, in an action to recover damages for personal injuries resulting from negligence, a judgment for the plaintiff has been reversed and a new trial awarded, an amendment of the plaintiff's declaration will not be allowed which would operate to institute a new and different suit between the parties and presenting other questions.

On motion to amend declaration.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the motion, *Willard W. Cutler.*

*Contra, Collins & Corbin.*

The opinion of the court was delivered by

TRENCHARD, J.   The original declaration in this action contained three counts.

This court, in an opinion reported in 45 *Vroom* 445, sustained a demurrer to the first and third counts, but allowed the second count to stand.

The plaintiff then went to trial and obtained a judgment against the defendant, which, in an opinion in the Court of Errors and Appeals reported in 47 *Vroom* 754, was reversed and a new trial awarded.

The plaintiff now moves to amend his declaration.

As it now stands the declaration charges in substance that the defendant was possessed of an automobile capable of being operated at a speed of sixty miles an hour, and it was the duty of the defendant to use due care of the same while being operated upon the highways; that defendant disregarded that duty by negligently directing and allowing it to be operated by a member of his family, and while it was so negligently

operated by a member of defendant's family, *for the defendant,* plaintiff was injured.

It is now proposed to so amend the declaration that it will charge in effect that the defendant knowingly purchased a dangerous machine for the purpose of allowing it to be used by his daughter, an incompetent person, and negligently allowed her to use it, to the injury of the plaintiff.

This, we think, sets up a new and different cause of action.

Section 126 of the Practice act (*Pamph. L.* 1903, *p.* 572) authorizes all amendments necessary for the purpose of determining in the existing action the real question in controversy between the parties.

But where the proposed amendment will institute an entirely new and different cause of action it will not be made. *Lower* v. *Segal,* 31 *Vroom* 99; *Fitzhenry* v. *Consolidated Traction Co.,* 34 *Id.* 142.

We have pointed out, that, as the declaration now stands, the negligence charged is made to depend upon the allegation that the automobile was carelessly operated by the defendant's servant, for the defendant. The gist of the action is the negligence of the servant imputed to the master.

As it is proposed to amend the declaration, the negligence counted on is that of the father in supplying his inexperienced daughter with a dangerous machine, and its gist is the negligence of the father.

Such an amendment would not tend towards the determination in this suit of the real controversy between the parties thereto, *i. e.,* the issue which the parties hoped and intended to try (*Hoboken* v. *Gear,* 3 *Dutcher* 265; *Miller* v. *West Jersey and Seashore Railroad Co.,* 47 *Vroom* 282), but rather would operate to institute a new and different suit between the parties and presenting other questions.

The motion is denied, with costs.