CHARLES M. SCOTT, PLAINTIFF, v. GEORGE SCHISLER ET AL., DEFENDANTS.

HARRY ROSENBERGER, PLAINTIFF, v. GEORGE SCHISLER ET AL., DEFENDANTS.

WILLIAM H. CULP, PLAINTIFF, v. GEORGE SCHISLER ET AL., DEFENDANTS.

Submitted May 22, 1930—Decided February 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rules, *Heine & Laird.*

*Contra, James Mercer Davis (Harry Heher, on the brief).*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present rules to show cause were allowed to the defendant Daniel Schisler. The three cases were tried together, and were brought to recover compensation for injuries received by the respective plaintiffs in a collision between an automobile in which they were riding and a car which belonged to the defendant George Schisler, and which was being used by his son, Daniel, and driven by the defendant John E. Scott. The trial judge directed a verdict for the defendant George Schisler on the ground that the automobile, which he owned, was being used by the son, not in the father's business, but for the purpose of taking the son to New Haven, with two of his fellow students, from Princeton University, to see a football game between the Princeton and Yale teams. The jury rendered verdicts against the son and the other defendant, John E. Scott, awarding the plaintiff Rosenberger $10,000, the plaintiff Culp $1,500, and the plaintiff John Scott $100.

The first ground upon which we are asked to set these verdicts aside relates to the liability of Daniel Schisler. The accident occurred on the Lincoln Highway between Kingston and Princeton, late in the night of November 15th, 1925. Schisler had driven the car from Princeton to New Haven, and he had requested the other defendant, Scott, to drive

it back, Scott being one of his fellow students, who went with him to see the game. Scott, as has been stated, was driving the car when the accident happened. It is argued that, because young Schisler was not driving the car himself, he was not responsible for the accident because Scott was not acting as his agent. We do not consider this contention to be well founded. Schisler borrowed the car from his father for the purpose of going to the Princeton-Yale game, and Scott was driving it at Schisler's request. Counsel contends that, although this was the fact, Schisler, being an infant at the time of the accident, could not be liable for the acts of the driver of the car because he had no power to appoint an agent, and that, consequently, he was not responsible for the acts of Scott. We think this contention is unsound. In 1 *Williston on Contracts* 444, the rule is stated that "the creation of an agent by an infant is not void *ab initio,* but voidable at his option." We consider this a correct statement of the law. So long as the infant sees fit to continue the existence of the agency, he is answerable for the negligence of his representative in the performance of the duty which the agency carries with it.

It is further insisted that as young Schisler was an infant at the time the accident happened and the suits were begun, and that, as no guardian was appointed for the purpose of defending him in these litigations, no valid judgments could have been entered against him; and that, therefore, the verdicts upon which said judgments were necessarily based should be set aside. It is not disputed that Daniel Schisler was between eighteen and nineteen years of age when the accident happened, and was a little over nineteen years old when the suits were begun. He admitted on the witness stand that he was over twenty-three years old when these cases were tried. The rule is settled that a judgment cannot be rendered against an infant until a next friend or guardian is appointed. But this rule applies only where at the time the suit is tried and a verdict is rendered the defendant is still a minor. As is stated in 31 *Corp. Jur.* 1157: "If an infant litigant, who is not duly represented by guardian *ad litem*

or next friend, attains his majority during the pendency of the suit or action, and thereafter acquiesces in the prosecution of the suit, he cannot complain of the want of representation at the beginning of the proceedings." To the same effect is the decision of the Supreme Court of New York in 119 *N. Y. Supp.* 34, in the case of *In re Rousos,* in which it was held that "where a suit is instituted against an infant without the appointment of a guardian *ad litem,* it is error to appoint one after he becomes of age, as he may then control and manage his defense, and the case stands as if he had been of age at its commencement." For the reason indicated, we find nothing of merit in this contention.

Lastly, it is argued that the trial judge erroneously permitted an amendment of the pleadings at the close of the trial by inserting in the complaint a statement that in the operation of the automobile Scott was the servant and agent of young Schisler, the original averment being that the automobile was being driven by Schisler. It is said that by permitting this amendment the complaint sets out a new cause of action, which is barred by the statute of limitations. No authority is quoted for any such assertion, and our own decisions negative it.

For the reasons indicated, we conlude that the rules to show cause should be discharged.