F. EUGENE TUTHILL, PLAINTIFF, v. PENNSYLVANIA RAILROAD COMPANY, A CORPORATION; HUDSON AND MANHATTAN RAILROAD COMPANY, A CORPORATION, AND JOHN DAVENPORT, THE FIRST NAME BEING FICTITIOUS, THE TRUE NAME BEING UNKNOWN, DEFENDANTS.

Decided October 24, 1931.

For the plaintiff, *E. Burk Finnerly.*

For the defendants, *Collins & Corbin.*

BROWN, S. C. C. The plaintiff moved to amend the first and second counts of the complaint, in the above-entitled cause, so as to charge an action under the Federal Employers' Liability act. In his brief the plaintiff abandons the motion directed to the count against the defendant Pennsylvania railroad but insists on the second count against the Hudson and Manhattan Railroad Company being amended.

The complaint states a cause of action at common law against the defendant Hudson and Manhattan Railroad Company. When a complaint thus states a cause of action an amendment offered alleging that the defendant was engaged in interstate commerce at the time the injuries were sustained, it has been held does not state a new cause of action. *Newberry* v. *Central of Georgia Railroad Co.,* 276 *Fed. Rep.* 337. On application to the United States Supreme Court a *certiorari* was denied in this case. 257 *U. S.* 662. To the same effect are *Hogarty* v. *Philadelphia and Reading Railway Co.,* 99 *Atl. Rep.* 741; *Jorgenson* v. *Grand Rapids and I. Railway Co.,* 155 *N. W. Rep.* 535.

Where a complaint in an action for personal injuries alleges facts which may constitute the wrong either under the state law or the Federal Employers' Liability act, according to the nature of the employment, an amendment alleging that the parties at the time of injury were engaged in interstate commerce does not introduce a new cause of action and may be allowed after the two-year limitation prescribed by law. *New York Central and Hudson Railroad Co.,* v. *Kinney,* 260 *U. S.* 340. See, also, *United States Annotated, tit.* 45, under subject of Railroads, *p.* 525.

The proposed amendment does nothing more than amplify the cause of action already stated and falls within the decision of *Swank* v. *Pennsylvania Railroad Co.,* 94 *N. J. L.* 547. This case was affirmed in 104 *Atl. Rep.* 26, and on ap-

plication to the United States Supreme Court the writ of *certiorari* was denied. See 254 *U. S.* 638.

The motion to amend the second count of the complaint directed against the Hudson and Manhattan Railroad Company will be allowed.