MATTALENA CASAVALO, PLAINTIFF-RESPONDENT, v. SALVATORE D'AURIA AND COLUMBINA D'AURIA, DEFENDANTS-APPELLANTS.

Submitted May term, 1933—Decided December 21, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Coult, Satz & Tomlinson* (*John J. Francis* and *Joseph Coult,* of counsel).

For the respondent, *Harold Simandl.*

PER CURIAM.

This is an action to recover damages claimed to have been sustained by reason of the negligent performance of an undertaking to make repairs to a portion of a building owned by defendant Salvatore D'Auria, and possessed by a tenant. There was a nonsuit in favor of his co-defendant, Columbina D'Auria. From the judgment entered upon a verdict in favor of plaintiff, Salvatore, appeals.

∎

There were two grounds of appeal, viz.: (1) the trial court erred in permitting plaintiff to amend her complaint, by adding thereto a new cause of action after the statute of limitations had tolled the cause of action, and (2) there was error in the denial of appellant's motions for a nonsuit and a direction of a verdict, predicated upon the alleged failure of plaintiff to prove negligence on the part of appellant which was the proximate cause of her injuries.

The first ground only need be considered. The gravamen of the original complaint was the breach of the landlord's alleged duty to maintain the stoop in a proper and safe condition. The complaint charged that appellant "negligently and contrary to their duty in the premises failed to maintain the said stairway in a proper, safe condition, and failed to have any railing on said stairway to protect the users from falling from said stairs into the cellar areaway directly alongside of said stairway, and also failed to properly light the said stairway, so that the said stairway or stoop was not safe for the use of persons lawfully using the same." The gist of the amended complaint was negligence in the making of repairs to the porch. This complaint charged that "defendants having undertaken and having attempted to make the necessary repairs to the stairway or stoop leading to said store, did so in a negligent and careless manner, so that the said stairway or stoop was not safe for the use of persons lawfully using the same." This amendment was concededly allowed after the expiration of the period fixed by the statute of limitations for the institution of action.

This case seems to fall within the rationale of the decision of our court of the last resort (in affirming for the reasons expressed in the opinion below), in *O'Shaughnessy* v. *Bayonne News Co.*, 9 *N. J. Mis. R.* 345; 154 *Atl. Rep.* 13; *affirmed,* 109 *N. J. L.* 271; 160 *Atl. Rep.* 696, holding that "an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or, if the gist of the action or the subject of controversy remains the same; and this is true although the form of liability asserted, or the

alleged incidents of the transaction may be different." The charge in the amended complaint is not subtsantially the same wrong with respect to the same transaction as that stated in the original complaint. It is not the same matter more fully and differently laid, but it is rather a different matter—a different cause of liability. Nor can it be said that the gist of the action or the subject of the controversy is the same. Bouvier's Law Dictionary defines "gist" as "the essential ground or object of the action in point of law, without which there would be no cause of action; the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; the essential ground or object of the suit without which there is no cause of action."

In the instant case, the gravaman of the original complaint was the breach of an alleged duty to maintain the stairway in a reasonably safe condition, while the gist of the cause of action pleaded in the amended complaint is the negligent performance of an assumed duty to make repairs. It therefore follows that there was error in permitting respondent to amend the complaint in the manner indicated.

Judgment reversed.