BERGEN COUNTY CIRCUIT COURT.

FRANK CAMPBELL, PLAINTIFF, v. CITY OF HACKENSACK, DEFENDANT.

Decided July 15, 1935.

For the plaintiff, *DeTurck & West.*

For the defendant, *Donald M. Waesche.*

CAFFREY, C. C. J. This is an application to file an amended complaint. By this complaint the plaintiff seeks to recover against the defendant for work, labor and services rendered on the basis of *quantum meruit.* The suit as originally instituted was predicated upon the theory of a contract by force of a resolution authorizing the plaintiff to act as city engineer. The case was tried and a verdict rendered in favor of the plaintiff, which was subsequently reversed by the Court of Errors and Appeals on the ground that parol evidence was inadmissible to establish the allegedly lost or non-recorded resolution.

The amended complaint sets up as a cause of action the same services claimed in the first suit. The objection raised as to the acceptance of this amended complaint is that a new cause of action is attempted to be pleaded. However, as I see it, no new cause of action is stated. What the plaintiff is asking for is compensation for the work which he alleges was rendered to the city of Hackensack. In some of the counts the plaintiff is seeking to recover for compensation which would be ordinarily barred by the statute of limitations. However, this will not affect plaintiff's right to amend.

Chancellor Campbell, in a very recent case of *Pellegrino*

*Magliaro* v. *Modern Homes, Inc.*, 115 *N. J. L.* 151; 178 *Atl. Rep.* 733, lays down the rule:

"In amendments to complaints, after the statute of limitations has run against plaintiff's cause of action, 'it is quite generally held that if the identity of the transaction forming the same cause of action originally declared upon is adhered to, an amendment is not ordinarily regarded as substantially changing the plaintiff's claim or stating a new or substantially different cause of action. So an amendment will not, as a rule, be held to state a new cause of action if the facts alleged show, substantially, the same wrong with respect to the same transaction, or, if it is the same matter *more fully* and *differently laid,* or, if the gist of the action, or the subject of the controversy remains the same; and this is true although the form of the liability asserted, or the alleged incidents of the transaction, may be different. Technical rules will not be applied in determining whether the cause of action stated in the original and amended pleadings are identical, since, in the strict sense, almost any amendment may be said to change the original cause of action.' "

See, also, *New Jersey Law Journal,* issue of June 6th, 1935. 58 *N. J. L. J.* 185.

On the authority of this opinion and the cases cited therein the annexed amended complaint may be filed.