HUDSON COUNTY CIRCUIT COURT.

JAMES CUDDIHY, PLAINTIFF, v. HOBOKEN MANUFAC-
TURERS RAILROAD COMPANY, A CORPORATION OF
NEW JERSEY, DEFENDANT.

Decided August 10, 1936.

For the plaintiff, *J. Harry O'Brien.*

For the defendant, *Walter W. Hubley.*

BROWN, C. C. J. The plaintiff, as an employe of the
defendant, instituted the above entitled cause for injuries
sustained while working about the railroad of the defendant
at the city of Hoboken. The plaintiff, by his motion, seeks
to amend his complaint so as to charge that at the time he
was injured the defendant was engaged in an interstate com-
merce operation. A new cause of action is barred at this time
by virtue of the statute. The defendant opposes the motion
and contends that the original complaint does not by any
statement of fact charge an interstate commerce operation.
The first paragraph of the complaint alleges that at the time
of the occurrence the defendant was a corporation organized
under the laws of the State of New Jersey as a freight carrier
and doing business as such in the city of Hoboken, county of
Hudson and State of New Jersey. The second paragraph
reiterates the allegation that the defendant was a railroad
freight carrier "and as such" on the date in question was the
owner and operator of a train of freight cars attached to a
flat car No. 200. The third paragraph contains the state-

ment that the plaintiff was employed by the defendant "and was lawfully in and upon the aforementioned premises as a servant and agent of the defendant, and as such was lawfully on freight car No. 200 located in the yards of the defendant in the performance of his duties." The fourth paragraph alleges that "while engaged in the interchange of freight cars the plaintiff attempted to alight therefrom to throw a switch and was * * * thrown to the ground through the negligence of the defendant." The complaint does not allege that the operation was one of interstate commerce nor does any statement appear therein from which such a conclusion could be drawn. On the contrary the operation is alleged to be local; within the State of New Jersey. No statement appears as in the original complaint in *Tuthill* v. *Pennsylvania Railroad Co.,* 156 *Atl. Rep.* 633, that the railroad in question was operated between two states. In the case of *Seaboard Air Line Railway* v. *Penn,* 241 *U. S.* 290, a case frequently cited in support of a motion to amend, the original complaint set forth that the defendant was operating a line of railroad in Virginia, North Carolina and elsewhere. Where there is some statement in a complaint disclosing that the railroad upon which the injury occurs is being operated between two or more states an amendment may be allowed to an original complaint that fails to state the operation is one of interstate commerce. Such an amendment does nothing more than amplify the cause of action already stated. In the instant case no statement of an interstate character appears in the original complaint. To grant the motion to amend would in effect permit the plaintiff to set forth a new cause of action after the same was barred by the statute. This cannot legally be done, even as a matter of discretion. *Hogarty* v. *Philadelphia and Reading Railway Co.,* 98 *Atl. Rep.* 741. The motion to amend will be denied.