STEPHEN MACKNOWSKI, BY HIS NEXT FRIEND, EVA MACKNOWSKI, PLAINTIFF-APPELLANT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Argued May 17, 1938—Decided September 16, 1938.

For the plaintiff-appellant, *Alexander Simpson.*

For the defendant-respondent, *Collins & Corbin* (*Edward A. Markley*).

Per Curiam.

Plaintiff appeals from the judgment of the Supreme Court affirming a judgment of the Hudson County Court of Common Pleas, based upon a direction of a verdict for the defendant.

The action is for damages for injuries sustained by the infant plaintiff by being run over by a train of defendant at Journal Square station in Jersey City. It is not disputed that plaintiff was injured by being run over by a train of defendant while plaintiff was upon the tracks of defendant.

The incident occurred on December 24th, 1931. The suit was begun on September 24th, 1932. The original complaint alleged negligence in the following language: "the defendant negligently and carelessly propelled against the plaintiff a train of cars, and the cars so injured the plaintiff that it was necessary to amputate his right leg." There was no allegation of any relationship between the parties to the action or as to how plaintiff got into a position of danger. It seems clear, as the Supreme Court found, that there was no cause of action growing out of the operation of the train in favor of one who was entitled to no higher duty from the defendant than that it refrain from willful negligence.

On January 25th, 1934, plaintiff filed an amended complaint, adding two counts. The added counts alleged that the plaintiff was a passenger for hire of defendant and on its premises at the station mentioned, when an employe of defendant assaulted plaintiff and caused him to jump or to fall upon the tracks of defendant, and that the train was sufficiently distant to be stopped, but that the defendant's servants and agents failed to exercise due care in the operation of the train and the train was propelled against and upon the plaintiff causing the injuries complained of.

The third count alleged, in effect, that the plaintiff was lawfully upon the tracks of defendant and that without warning and without the exercise of due care, the train was propelled upon and against the body of plaintiff, causing the injuries complained of.

Motion was made to strike count two and count three of the amended complaint, which motion was denied by the trial court and exception allowed to the ruling of the court. The case was brought on for trial in October, 1934, and resulted in the direction of a verdict for the defendant.

Defendant-respondent asserted in the Supreme Court and in this court that it was error to refuse to strike counts two and three and to permit the trial to proceed on those counts, because they stated a new and different cause of action after the statute of limitations had tolled.

As was said in *Doran* v. *Thomsen*, 79 *N. J. L.* 99, the Practice act "authorizes all amendments necessary for the purpose of determining in the existing action the real question in controversy between the parties; but where the proposed amendment will institute an entirely new and different cause of action it will not be made. *Lower* v. *Segal*, 60 *N. J. L.* 99; 35 *Atl. Rep.* 777; *Fitzhenry* v. *Consolidated Traction Co.*, 63 *N. J. L.* 142; 42 *Atl. Rep.* 416."

As the action stood before the amendment it was for negligence in the operation of the train as to one not a passenger and, so far as appears, not lawfully on defendant's tracks. The amendment created a new and entirely different ground of liability. It follows that counts two and three stated a new and different cause of action and should not have been allowed to be filed after the statute of limitations had tolled. In such situation, the defendant cannot legally be called upon to defend such cause of action, and, inasmuch as the trial judge directed a verdict for defendant upon the whole case, plaintiff cannot urge error in such action based upon the separate and distinct allegations of negligence contained in the amended complaint.

This case differs from *Martin* v. *Lehigh Valley Railroad Co.*, 114 *N. J. L.* 243, relied upon by appellant, and the cases there cited, such as *Giardini* v. *McAdoo*, 93 *Id.* 138, and *Wilson* v. *Dairymen's League, &c., Inc.*, 105 *Id.* 188, in that the amendments permitted in those cases after the statute of limitations had tolled were formal ones having to do with the naming and entitling of parties, and did not, the court

held, amount to stating a new cause of action, which is clearly the situation in the instant case.

This renders unnecessary any discussion of the liability of defendant for acts of a state railroad policeman under such circumstances as appear in this case. The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, BODINE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—None.