RITA MEYERS, PLAINTIFF-APPELLANT, v. IDA M. OTZ, SOLE SURVIVING TRUSTEE, AND JAMES D. CARTON, AS SUBSTITUTED TRUSTEE, UNDER THE LAST WILL AND TESTAMENT OF ERNEST OTZ, DECEASED, DEFENDANTS-RESPONDENTS.

Submitted May 26, 1939—Decided September 22, 1939.

For the plaintiff-appellant, *Maurice D. Emont.*

For the defendants-respondents, *Townsend & Doyle* (*Thomas F. Doyle*).

The opinion of the court was delivered by

CASE, J.  The complaint alleged that the defendants owned and controlled a tenement house property in the city of Paterson "occupied as the home or residence of not less than three families living independently of each other and doing their own washing and cooking upon the premises;" that the defendants were "bound and expected to keep a proper light burning in the public hallways, near the stairs, upon the entrance floor, according to the statute in such case made and provided;" that the defendants "assumed the duty of providing necessary and sufficient light in said hallway with their tenants, in order that they might be permitted to pass along said stairs and hallway in safety;" that the defendants negligently maintained "said hallway in a darkened and unlighted condition;" and that plaintiff "while passing along the stairs and public hallway leading to the street was caused to fall and did fall while passing up said stairs at the first floor thereof by reason of the absence of any lights therein and its darkened and unlighted condition" as a result of which the injuries sued upon were received.  Plaintiff's proofs showed that between the hallway and the front door there was an enclosed vestibule, that the front door, made partly of glass, opened upon a porch seven feet in depth, that there were eight steps leading from the porch to the public sidewalk and that plaintiff, then unmarried and residing with her parents on the first floor of the premises, stumbled and fell at the topmost of the porch steps as she was coming home at eleven o'clock in the evening of May 1st, 1936, thus receiving the injuries sued upon; that there were three electric lamps in the common passages on the first floor, one towards the back of the hall by the stairway leading to the second story which was lighted at the time, one on the porch which appellant's brief concedes was "always out," and one in the vestibule which was usually lighted but which had burned out three

days earlier and which the defendants, although notified, had not replaced. At the close of plaintiff's case, the court granted a nonsuit upon the grounds that there was a light burning at the stairs in the hallway in compliance with the Tenement House act, and that there was no case for the jury inasmuch as it conclusively appeared that plaintiff was not injured in the vestibule or the hallway. The motion for nonsuit was made at the close of the day's session and was held over night for consideration. The next morning argument on the motion was renewed. At that point plaintiff asked permission to amend the complaint to ground in the common law and in contract and not in the statute, and to allege a duty, with accompanying negligent failure, to maintain a light in the vestibule. The application was denied upon the ground that the granting of it would set up a new cause of action after the statute of limitation had run. The grounds of appeal are that the court erred in granting the nonsuit and in denying the application to amend.

The plain intendment of the complaint was that defendants had operated a tenement house within the meaning of our statute, that they were obligated, statutorily and because they had assumed the duty, to maintain a light in the hallway near the stairs so that the tenants might pass safely along "said stairs and hallway," and that because of defendants' negligence in meeting that obligation plaintiff, "while passing up said stairs," was injured. The statutory definition is ($R. S.$ 55:1-24) that "A 'tenement house' is any house or building or portion thereof which is rented, leased, let or hired out to be occupied or is occupied as the home or residence of three families or more living independently of each other and doing their own cooking upon the premises" and the pertinent requirement is ($R. S.$ 55:5-15) that "in every tenement house a proper light shall be kept burning by the owner, in the public hallways, near the stairs, upon the entrance floor * * *." The suit was definitely upon a duty to light the hall and the interior stairway and to recover because of a fall, due to lack of illumination, on that stairway. What plaintiff proved was that the statutory light was actually burning and that she had fallen, not on the stairs

to which the statute and the complaint refer, but upon the steps leading from the street sidewalk to the front porch; and what she argued was that had the vestibule lamp—not the hall stairway lamp—been lit enough light would have shone through the front door to assist her vision against the accident. The proofs and the pleading are at such odds that the correctness of the nonsuit is clear.

The amendment for which plaintiff asked was not a formal one. The request did not come until nonsuit was moved and affirmative decision thereon was imminent. The theory of the action which the amendment would have set up was other than that of the original cause and called for substantially different defensive proof. Under the complaint the tort grounded in a statutory duty concerning a light at the stairs in the hall; under the proposed amendment, in a contract concerning the maintenance of a light in the vestibule. In the complaint the fall was alleged to have occurred on the stairs in the front hall; in the amendment, on the street steps, separated from the original *situs* by the porch, the front door, the vestibule, the inside door, and a portion of the hallway. The amendment proposed a new and different cause of action. Inasmuch as the statute of limitation had fully run, permission to make the amendment was properly denied. *Macknowski* v. *Hudson and Manhattan Railroad Co.,* 121 *N. J. L.* 126.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.