**BROWN et al. v. NEW YORK LIFE INS. CO.**

No. 6114.

District Court, D. New Jersey.

April 18, 1940.

Herbert Katz, of Paterson, N. J., for plaintiffs.

Lindabury, Depue & Faulks, of Newark, N. J. (by William L. Dill, Jr., of Newark, N. J.), for defendant.

FORMAN, District Judge.

The original complaint herein was filed in the Supreme Court of the State of New Jersey on October 4, 1937. The plaintiffs therein allege that they are the designated beneficiaries of an insurance policy in the amount of $12,500 issued by the defendant to Harry Brown on October 4, 1921, in consideration of payment by the latter of semi-annual premiums during the life of the policy on each succeeding October 4, and April 4. Payment of premiums until October 4, 1931, is alleged. On the latter date it is asserted defendant agreed to credit the insured, Harry Brown, with a dividend owing him in an amount in excess of the premium due on that date, but in disregard of this agreement, defendant on January 4, 1932, wrongfully declared that the policy had lapsed as of October 4, 1931. Timely tender of premiums as they accrued thereafter, and their refusal is set forth. The death of the insured on July 25, 1933, is alleged, and a demand for $12,500, the amount due on the death of the insured is made.

This complaint has been removed to this court due to diversity of citizenship.

The defendant responded with an answer and counterclaim.

On November 16, 1939, notice of motion to amend the complaint was served on defendant, and argument was held on November 27, 1939.

The proposed amended complaint consists of three counts. Count One is a restatement of the original complaint outlined above. Count Two alleges that defendant was obligated under the terms of the insurance contract to waive the premium of October 4, 1931, and succeeding premiums due to the total disability of the insured which existed in December, 1930. A demand for $12,500 is asserted as in Count One. Count Three alleges that the insured became totally disabled on December 30, 1930, and that, pursuant to the insurance contract, was entitled to monthly benefits of $12,500 until the date of his death. A demand for $4,500 is asserted under this claim.

Defendants object to the proposed amendments on the grounds that the matters contained therein constitute new and different causes of action from that disclosed in the original complaint, and as such were not asserted within six years as required by the New Jersey statute of limitations in such cases. Revised Statutes of New Jersey, 1937, 2:24–1, N.J.S.A. 2:24–1.

In opposition to those contentions plaintiffs say that the proposed amendments relate back to the time that the original complaint was filed. In addition, it is asserted that the statute of limitations is no bar because the plaintiff, George Brown, was an infant at the time of the death of the insured, that this minority was not removed until October, 1935, and that during this period the statute was tolled.

█ It is a rule of law in the federal courts as well as the courts of New Jersey that an amendment will not be allowed if it introduces a new cause of action which as an independent proceeding would be barred by a statute of limitations. Taylor Co. v. Anderson, 275 U.S. 431, 48 S. Ct. 144, 72 L.Ed. 354; Union Pacific Railway Co. v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983; Sunlight Carbon Co. v. St. Louis & S. F. R. Co., 8 Cir., 15 F.2d 802; the I. S. E. 2 (Frymier v. Mascola), 9 Cir., 31 F.2d 107; Com'r of Internal Revenue v. Rieck, 3 Cir., 104 F.2d 294; Rygiel v. Kanengieser, 114 N.J.L. 311, 176 A. 605; Macknowski v. Hudson & Manhattan R. Co., 121 N.J.L. 126, 1 A.2d 373; Meyers v. Otz, 123 N.J.L. 215, 8 A.2d 381. And this rule has not been changed by Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, providing as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." See Ronald Press Co. v. Shea, D.C., 27 F.Supp. 857; Whitham Construction Co. v. Remer, 10 Cir., 105 F. 2d 371.

Application of the above rule presents the problem of determining when an amendment to a pleading constitutes a new cause of action. Accordingly, the courts of New Jersey have expressed themselves in this respect. In the case of O'Shaughnessy v. Bayonne News Co., 154 A. 13, 14, 9 N.J.Misc. 345, 347, the following statement is made: "It is quite generally held that if the identity of the transaction forming the cause of action originally declared upon is adhered to, an amendment is not ordinarily regarded as substantially changing the plaintiff's claim or as stating a new or substantially different cause of action. So an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or if the gist of the action or the subject of controversy remains the same; and this is true although the form of liability asserted or the alleged incidents of the transaction may be different. Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical, since in a strict sense almost any amendment may be said to change the original cause of action. 49 C.J. 510, 511." Followed in Maty v. Grasselli Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745.

The defendant suggests a different rule by which a line of demarcation can be drawn between statements of new causes of actions and amendments to old causes of action. This rule is taken from the case of American Mills Co. v. Hoffman, 2 Cir., 275 F. 285, 293, and is as follows:

"It has been held that, in determining whether the modification of a complaint

is a substitution of a new cause of action, two facts must be ascertained:

"(1) Will the same evidence support both complaints?

"(2) Will the same measure of damages apply to each?

"It is said that both questions must be answered in the affirmative to hold the modification a proper one."

■ Count Two of the complaint, it is noted, demands $12,500, the same demand as made in the First Count. In Count One it is claimed that the insured paid the premium accruing on October 4, 1931, by virtue of defendant's agreement to credit the insured with certain dividends accumulated in his favor, and a tender of future premiums as they became due. Count Two, however, alleges the insured was *totally incapacitated previously to October 4, 1931*, and that defendant was under a duty to waive subsequent premiums. Clearly, different facts would be necessary to settle these conflicting issues, and under the rule proposed by defendant we should hold that Count Two states a new cause of action. But we think Count Two falls just as well within the rule established in New Jersey by the case of O'Shaughnessy v. Bayonne News Co., supra, and followed in Maty v. Grasselli Co., supra. The same *wrong* is alleged, i. e., failure to pay over the $12,500 death benefit. The matter is simply *more fully and differently laid*. Controversies concerning the insured's fulfillment of conditions precedent do not create the cause of action. On the contrary, they are only means to recovery. The subject of the action is the recovery of $12,500, and that is no more barred by the statute of limitations now than it was when the original count was filed. The proposed addition of Count Two as an amendment is allowed.

■ Count Three is entirely different. It is neither an alteration nor a modification. It is an addition of new matter constituting another cause of action. It not only varies the means towards recovery as claimed in Count One or Two, but makes an entirely different demand, namely, the recovery of disability installments which accrued to the insured during his lifetime. Accordingly, the statute of limitations commenced to run against the insured, and the asserted intervening disability of one of the beneficiaries is of no moment. Clark v. Richards, 15 N.J.L. 347; Dalton v. Mayor, etc., Hoboken, 171 A. 141, 12 N.J.Misc.

216. (Incidentally, counsel for plaintiffs did not inform us as to why the infancy of one of the beneficiaries should toll the statute as to both beneficiaries.) This conclusion makes it unnecessary to consider defendant's objection to the failure to assert the claim by the executor of the insured. The proposed amendment by the addition of Count Three is disallowed.