ANTIMO RUSSO, PETITIONER–RESPONDENT, v. WRIGHT AERONAUTICAL CORP., AND LIBERTY MUTUAL INSURANCE CO., RESPONDENTS–APPELLANTS.

Argued January 3, 1949—Decided February 21, 1949.

Mr. *John W. Taylor* argued the cause for the respondents-appellants.

Mr. *Isadore Rabinowitz* argued the cause for the petitioner-respondent (*Messrs. Isadore Rabinowitz* and *Nathan Rabinowitz*, attorneys).

The opinion of the court was delivered by

ACKERSON, J. This is a Workmen's Compensation case. The petition was filed in the Bureau on November 30, 1943, and the claim was, in substance, that the petitioner, on or about April 28, 1943, while in the course of his employment by the defendant, sustained an injury resulting in cancer of the right testicle causing permanent disability. During the course of the trial, on May 2, 1946, petitioner's attorney was permitted, over defendant's objection, to amend the petition so as to read that the accident complained of caused "an aggravation of an underlying [cancerous] condition" rather than produced the cancer as originally claimed. The trial then proceeded upon that theory and the Workmen's Compensation Bureau found for the petitioner; the Common Pleas reversed the Bureau; the former Supreme Court reversed the Common Pleas and affirmed the judgment of the Bureau in favor of the petitioner. The present appeal is from the latter judgment.

It is first claimed as a reason for reversal that the aforesaid amendment set up a new cause of action after it had been tolled by the two years limitation period provided by *R. S.* 34:15–41 *and* 34:15–51.

"It is indisputably the rule that an entirely new and different cause of action cannot be introduced after the statute has tolled the action." But it is equally well settled "that an amendment will not, as a rule, be held to state a new cause of action, if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or if the gist of the action or the subject of controversy remains the same". *Rygiel v. Kanengieser,* 114 *N. J. L.* 311, 312 *(E. & A.* 1934); *Casavalo v. D'Auria,* 12 *N. J. Misc.* 81, 83, aff'd 113 *N. J. L.* 328 *(E. & A.* 1934); *O'Shaughnessy v. Bayonne News Co.,*

9 *N. J. Misc.* 345, aff'd 109 *N. J. L.* 271 *(E. & A.* 1932*).* " 'Gist' is the essential ground or object of the action in point of law, without which there would be no cause of action; the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; * * *." *Rygiel v. Kanengieser, supra.*

■ Measured by these tests it is obvious that the criticized amendment does not state a new or different cause of action. It alleges substantially the same wrong with respect to the same transaction—the gist of the action remains the same. The .same trauma is alleged, the only change is in the effect of it. In the first instance it is alleged to have resulted in a cancer, in the amendment it is alleged to have resulted in causing an aggravation of a previously existing cancer. The case of *Gurzo v. Am. Smelting & Refining Co.,* 132 *N. J. L.* 485 *(E. & A.* 1944*),* cited by the defendant, is not controlling upon the precise question before us. The reference made in the cited case to the amendment proposed therein as stating a new cause of action was not necessary to the decision which was sufficiently supported by the other grounds therein stated.

As a further basis for reversal, the defendant argues that the judgment of the former Supreme Court in favor of the petitioner was rested upon a finding that the accident "possibly" rather than "probably" caused an aggravation of the pre-existing cancer by injury and, in any event, the evidence did not establish such an injury.

In this connection criticism is directed to the following excerpt from the opinion below:

"The only other question in the case is whether the medical testimony sustained the findings of the Bureau. * * * * Suffice it that the proofs clearly show that the end results *could* have been caused as testified by the medical witnesses called in behalf of the claimant."

■ We may consider it settled that an award of compensation may not be granted upon a finding that injury "could have been" the result of an accident. "To sustain a recovery the proofs must support the basis for the rational inference that the accident caused the injuries" complained of. *Calicchio v.*

*Jersey City Stock Yards Co.*, 125 *N. J. L.* 112, 115 *(Sup. Ct.* 1940); *Azarowicz v. Met. Beef Co.*, 118 *Id.* 89, 90 *(Sup. Ct.* 1937). In the final analysis "probability, and not the ultimate degree of certainty is the test". *Auten v. Johnston,* 115 *N. J. L.* 72, 74 *(Sup. Ct.* 1935); *Azarowicz v. Met. Beef Co., supra.*

■ However, in reviewing the case with the foregoing excerpt from the opinion below in mind, we cannot escape the conclusion that the court used the language complained of inadvertently. The opinion concludes with the following statement: "Our finding of fact is that the petitioner sustained by the weight of the credible proof the requisites for recovery", and we are satisfied that there was testimony to support this conclusion.

The judgment of the former Supreme Court is therefore affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, BURLING and ACKERSON—4.

*For reversal:* Justice OLIPHANT—1.