36 N.J. Super. 200 (1955)
115 A.2d 148
MICHAEL J. CAFONE, PLAINTIFF,
v.
NESTO CONSTRUCTION CO., A CORPORATION AND SPINIELLO CONSTRUCTION CO., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided June 15, 1955.
*201 Messrs. Kalisch & Kalisch (Mr. Harry Kalisch appearing), attorneys for plaintiff.
Messrs. Porter & Hobart (Mr. Newton H. Porter, Jr., appearing), attorneys for defendants.
GAULKIN, J.C.C.
Plaintiff moves to amend his complaint. Defendant opposes the application on the sole ground that the proposed amendment sets up a new cause of action after the statute of limitations has run. Defendant's attorney, with commendable candor, admits that defendant will be prepared to meet the allegations of the proposed amendment. He makes no claim of surprise, or of other disadvantage or difficulty, such as the disappearance of evidence or of witnesses. Indeed, it was apparently because of what defendant told plaintiff in discovery proceedings, and in discussions between counsel, that plaintiff makes this application. Defendant simply says it has a vested right in the bar of the statute of limitations against the cause of action alleged in the proposed amendment, and that the court has no right to divest it of that right by allowing the amendment.
Plaintiff cites Rygiel v. Kanengieser, 114 N.J.L. 311 (E. & A. 1935), and Casavalo v. D'Auria, 12 N.J. Misc. *202 81 (Sup. Ct. 1933), affirmed 113 N.J.L. 328 (E. & A. 1934). Defendant answers with Doran v. Thomsen, 79 N.J.L. 99 (Sup. Ct. 1909); Macknowski v. Hudson & Manhattan R. Co., 121 N.J.L. 126 (E. & A. 1938), and Meyers v. Otz, 123 N.J.L. 215 (E. & A. 1939). In addition, defendant correctly points out that in the Rygiel case the amendment was merely as to the date of the accident; and that in the Casavalo case the Supreme Court had reversed the trial court for allowing an amendment charging defendant landlord with negligently making repairs to a porch when the complaint had charged negligence in maintaining and lighting the stairway.
Doran v. Thomsen, supra, does not seem to me to apply to the facts in this case. There Justice Trenchard said (79 N.J.L., at page 100):
"* * * as the declaration now stands, the negligence charged is made to depend upon the allegation that the automobile was carelessly operated by the defendant's servant, for the defendant. The gist of the action is the negligence of the servant imputed to the master. As it is proposed to amend the declaration, the negligence counted on is that of the father in supplying his inexperienced daughter with a dangerous machine, and its gist is the negligence of the father."
In Gurzo v. American Smelting & Refining Co., 132 N.J.L. 485 (E. & A. 1945), an amendment to allege aggravation of a pre-existing tuberculosis was disallowed, after the statute of limitations had run, when the complaint alleged that the tuberculosis was caused by defendant's acts and omissions. On the other hand, in Russo v. Wright Aeronautical Corp., 1 N.J. 417 (1949), such an amendment was allowed. The Supreme Court dismissed the holding of the Gurzo case as (page 420) "not controlling upon the precise question before us. The reference made in the cited case to the amendment proposed therein as stating a new cause of action was not necessary to the decision which was sufficiently supported by the other grounds therein stated." The "other grounds" in the Gurzo case were that the application to amend came after the plaintiff had rested, and the court had announced, *203 upon defendant's motion for a nonsuit, that he was convinced the case could not stand on the complaint as drawn.
In Meyers v. Otz, supra, precisely the same thing happened. As Justice Case said (123 N.J.L., at page 218):
"The amendment for which plaintiff asked was not a formal one. The request did not come until nonsuit was moved and affirmative decision thereon was imminent. The theory of the action which the amendment would have set up was other than that of the original cause and called for substantially different defensive proof."
In the Macknowski case, supra, the original complaint alleged that (121 N.J.L., at page 127), "* * * `The defendant negligently and carelessly propelled against the plaintiff a train of cars, and the cars so injured the plaintiff that it was necessary to amputate his right leg.' There was no allegation of any relationship between the parties to the action or as to how plaintiff got into a position of danger."
The trial court allowed the filing of an amended complaint, which added two counts. The case was tried on all three counts, and the trial court directed a verdict on all counts for the defendant. This was affirmed on the merits in the Supreme Court (14 N.J. Misc. 778, 779). The plaintiff then appealed to the Court of Errors and Appeals, where his argument was that the defendant was liable for the actions of a state railroad policeman. The Supreme Court had decided this point against the plaintiff. The Court of Errors and Appeals affirmed the judgment below, and in the course of its opinion stated that this point did not need to be discussed, because under the original complaint proof of the acts of the state railroad policeman would not have been received, and therefore liability for the acts of the railroad policeman, asserted in the amendment, set forth a new cause of action, and hence should not have been allowed. Cf. Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210, at page 223 (1954).
Furthermore, the cases decided prior to the adoption of our present rules must be considered in the light of the difference in philosophy brought in by the new rules. Before *204 1948 pleading was an art. As Judge (later Justice) Ackerson said in O'Shaughnessy v. Bayonne News Co., 9 N.J. Misc. 345 (Circ. Ct. 1931), affirmed 109 N.J.L. 271 (E. & A. 1932):
"`In the early days of our jurisprudence, many actions were brought to a summary conclusion by reason of mistakes as to form. These decisions resulted frequently in miscarriages of justice. The only meritorious result of dismissing suitors on technicalities was to create a bar adept in the science of pleading. For many years the trend has properly been in the other direction. The aim of courts and Legislatures is to abolish technicalities and enable suitors to have the merits of their controversies fully tried.'"
In the O'Shaughnessy case, the complaint charged that the plaintiff, a passenger in defendant's vehicle, "while lawfully alighting * * * was caused to be thrown therefrom * * *." After the statute of limitations had run, plaintiff moved to amend to allege that the plaintiff was injured when the operator of the vehicle "started the same after the plaintiff had alighted therefrom and while the plaintiff was in the act of crossing * * * in front of said truck." The amendment was permitted. Judge Ackerson's language is apt here:
"It is quite generally held that if the identity of the transaction forming the cause of action originally declared upon is adhered to, an amendment is not ordinarily regarded as substantially changing the plaintiff's claim or as stating a new or substantially different cause of action. So an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or if the gist of the action or the subject of controversy remains the same; and this is true although the form of liability asserted or the alleged incidents of the transaction may be different. Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical, since in a strict sense almost any amendment may be said to change the original cause of action. 49 C.J. 510, 511.
In a tort action an amendment may vary the statement of the original complaint as to the manner in which the plaintiff was injured, or as to the manner of the defendants' breach of duty, without necessarily setting up a new cause of action."
*205 Today we have "notice pleading" (Melone v. Jersey Central Power & Light Co., 18 N.J. 163 (1955)) and though our courts have been driven, with increasing frequency, to point out that the inartistic must not be permitted to fall to the incomprehensible, it is nevertheless true that today we are much less technical in our approach toward pleading than we were prior to 1948. Jersey City v. Hague, 18 N.J. 584 (1955); Melone v. Jersey Central Power & Light Co., supra; Grobart v. Society for Establishing Useful Mfrs., 2 N.J. 136 (1949); Brown v. Brown, 2 N.J. 252 (1949); C.B. Snyder Realty Co. v. Nat. Newark, etc., Banking Co., 14 N.J. 146 (1953).
Even prior to 1948 the courts had been rapidly drawing away from technicalities. O'Shaughnessy v. Bayonne News Co., supra; Magliaro v. Modern Homes, Inc., 115 N.J.L. 151 (E. & A. 1935); Scott v. Schisler, 107 N.J.L. 397 (Sup. Ct. 1931); Campbell v. City of Hackensack, 13 N.J. Misc. 578 (Circ. Ct. 1935); Tuthill v. Pennsylvania R.R. Co., 9 N.J. Misc. 1091 (Sup. Ct. 1931). For example, in the Scott case the complaint alleged that the defendant was the driver, and the amendment set up that an agent of the defendant was the driver. In the Campbell case the original action was upon an express contract, yet after a reversal by the upper court, the trial court permitted an amendment to set up a claim on quantum meruit. In the Tuthill case the plaintiff amended to set up that the defendant was engaged in interstate commerce and to charge liability under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.
It does not seem to me that the amendment here proposed changes the gist of the action. The gist of the pending action is that defendant was cleaning out and repairing a water main; that noxious "fumes were present in the aforesaid water main, as a result of the negligent conduct of the defendant"; that two of defendant's workmen were overcome in this water main; that plaintiff, a fireman, was in the course of his official duties ordered into the main to rescue the employees, where he was himself overcome by the fumes, *206 and injured. The complaint charges the fumes were produced by a gasoline pump "located * * * in such a manner and at such a place as would cause the exhaust fumes * * * to enter and lodge within the said pipe."
The proposed amendment would change two paragraphs of the complaint to read as follows:
"5. In order to do the work which it contracted to do as aforesaid the said defendants first undertook to remove certain water which lay in said water main, by gravitation into a sewer connected with and opening into said water main, where possible, and also by the use of a gasoline powered pump in said water main; as a result of which certain noxious and deadly gases, dangerous to the life of persons coming in contact therewith, were generated and were present and remained in said water main.
6. Plaintiff avers that the said defendants well knowing of the presence of said noxious and deadly gases in said water main, or which by the exercise of reasonable care they could and should have known, did on March 7th, 1953, carelessly and negligently order and direct two of its employees to enter said water main to perform certain work there. The said two employees entered said water main in obedience to said defendants' orders so to do, and were overcome by the gases present in said water main as aforesaid."
Defendant urges that these paragraphs would introduce the following new allegations: (1) that defendant introduced, or permitted the introduction of, sewer gas as well as gasoline fumes into the water main; (2) that defendant knew or should have known of the presence of the dangerous gases in the water main; and (3) that defendant negligently ordered the two employees into the main. It seems to me that the substance of (2) and (3) is implicit in the complaint already filed. Only (1) is new, and that does not change the allegation of the duty breached, nor the theory upon which plaintiff predicates liability, but merely changes the particulars as to how the duty was breached. In other words, it is "the same wrong with respect to the same transaction * * * the same matter * * * differently laid." Russo v. Wright Aeronautical Corp., 1 N.J. 417, 419, 64 A.2d 71, 72; Granahan v. Celanese Corp. of America, Plastics Div., 3 N.J. 187, 191 (1949).
The amendment will be allowed.