77 N.J. Super. 12 (1962)
185 A.2d 238
PROSPER TACKLING AND KATHERINE TACKLING, HIS WIFE, PLAINTIFFS,
v.
CHRYSLER CORPORATION, A DELAWARE CORPORATION, AND FRANK VAN SYCKLE, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 19, 1962.
*13 Mr. John T. Lynch for plaintiffs (Messrs. Davidson, Buttermore and Lynch, attorneys).
Mr. James M. Shashaty for defendant Chrysler Corporation (Messrs. Schreiber, Lancaster and Demos, attorneys).
Mr. Eugene W. Landy for defendant Frank Van Syckle, Inc. (Messrs. Durand, Ivins and Carton, attorneys).
*14 HALPERN, A.J.S.C. (orally)
This is plaintiffs' motion to amend the complaint, to add two counts charging the defendant, Chrysler Corporation, with breach of an implied warranty of merchantability. The original claims against the defendant Chrysler are grounded in negligence, alleging negligence in the manufacture and assembly of the automobile.
The alleged accident and injury occurred on August 4, 1958. The female plaintiff alleges that while driving a newly purchased automobile, the left front wheel fell off, causing the car to come to an abrupt stop and resulting in personal injuries to her. Her husband sues per quod.
The issues to be decided on this motion are:
1. What is the limitation time period within which to bring the actions sought to be added by the amendment?
2. Do the proposed amendments to the complaint set forth new causes of action which cannot now be introduced?

FIRST ISSUE
It is clear that where an action is brought for personal injuries, whether the physical injury arises out of tort or contract, the applicable statute of limitations would be two years. N.J.S. 2A:14-2. Burns v. Bethlehem Steel Co., 20 N.J. 37 (1955). The six-year statute of limitations (N.J.S. 2A:14-1) which is applicable to breach of warranty actions is applied only where the relief sought is for contractual damages. See John S. Sills & Sons v. Bridgeton Condensed Milk Co., 43 F.2d 72 (3 Cir. 1930); Berg v. Remington Arms Co., 207 F. Supp. 65 (D. Pa. 1962).
In the instant case the physical injury was sustained by the plaintiff on August 4, 1958, and this would be the date the cause of action for personal injuries based on the alleged breach of implied warranty of merchantability came into being; and, therefore, would normally be barred by the statute of limitations on August 4, 1960. The per quod claim of the husband which arises out of and flows from the wife's *15 claim, would likewise be barred by the statute of limitations. It is interesting to note that in the Berg case, supra, the court held that in a personal injury suit arising out of an implied warranty, and where the statute of limitations was two and six years as in New Jersey, the cause of action which accrued first was the one that started the applicable limitations period to run. See also Courtois v. General Motors Corp., 37 N.J. 525 (1962), where this same issue existed but was not raised or passed upon by the court.

SECOND ISSUE
In determining whether the proposed amendments are barred by the statute of limitations I must decide whether they state or bring into the case a new cause of action. If the answer is in the affirmative then, as I decided under the first issue, the statute of limitations would bar the amendments. If the answer is in the negative, then the statute of limitations would not bar them and I would be relegated to the exercise of my judicial discretion in passing on the motion.
The rule of court governing amendments to pleadings provides:
R.R. 4:15-3:
"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading."
This rule embodies former statutes which were not reenacted. 2 Cum. S., pp. 2817 and 2818, sec. 23 and 24; R.S. 2:27-132 (not re-enacted).
A construction of the rule to determine whether an amendment arose out of the allegations originally pleaded is really tested by deciding whether the amendment states a new cause *16 of action or merely restates the original one in different form. 34 Am. Jur. 211, par. 260.
Certainly one cannot, under the pretext of amending a complaint, state a new or different cause of action from the one originally pleaded.
However, courts should be liberal in allowing amendments to save actions, if possible, from the bar of the statute of limitations. Courts should disregard subtleties and answer technical objections by an honest effort to determine the real issues on their merits and to do substantial justice between litigants. See 34 Am. Jur. 214.
Several tests or guides have been pronounced by various courts and text writers to determine whether an amendment states a new cause of action. For example, if the same evidence would support a judgment rendered on either count, then it is not stating a new cause of action; so, too, if the damages are the same in both instances, merely setting forth an additional ground of negligence in a negligence case does not set forth a new cause of action; so, too, changing the form of your action or your theory of the case does not state a new cause of action. See 34 Am. Jur. 214-219; 171 A.L.R. 1095.
Our own courts have established definite lines to follow and have held that an amendment does not state a new cause of action "if the facts alleged [in the amendment] show substantially the same wrong with respect to the same transaction, or if it is in the same matter more fully or differently laid, or if the gist of the action or the subject of the controversy remains the same." Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210, 223 (1954); Russo v. Wright Aero Corp., 1 N.J. 417 (1949); O'Shaughnessy v. Bayonne News Co., 9 N.J. Misc. 345, 154 A. 13 (Cir. Ct. 1931), affirmed 109 N.J.L. 271 (E. & A. 1932); Cafone v. Nesto Const. Co., 36 N.J. Super. 200 (Law Div. 1955).
In light of the foregoing principles, I find that the proposed amendments do not state a new cause of action and, therefore, should be allowed.
*17 Whether a breach of warranty, express or implied, which results in physical injury to a person gives rise to a tort or a breach of contract, is not always easy of determination. Normally one associates a warranty with a contract, and the immediate reaction is to classify a breach of the warranty as contractual rather than tortious. On reflection and analysis however, one realizes that often the breach of a warranty is really based upon the fraud or deceit of the one making the warranty; or it arises because of a negligent failure to exercise a duty imposed on the party by the contract or as implied by law. Certainly, actions in fraud, deceit or negligence are torts and not contracts. As expressed by the court in Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 414 (1960), when it discussed whether warranty actions gave rise to actions on contract or tort:
"True, the suit in Faber was in tort while this one is in contract. But it cannot be overlooked that historically actions on warranties were in tort also, sounding in deceit. Simon v. Graham Bakery, supra, 17 N.J., at pages 528, 529; 1 Williston on Sales, supra, secs. 195-197. The contract theory gradually emerged, although the tort idea has continued to lurk in the background, making the warranty `a curious hybrid of tort and contract.' Prosser, supra, sec. 83. An awareness of this evolution makes for ready acceptance of the relaxation of rigid concepts of privity when third persons, who in the reasonable contemplation of the parties to a warranty might be expected to use or consume the product sold, are injured by its unwholesome or defective state."
In the instant case the amendments do not change the gist of the action; the same facts are relied on to remedy the same alleged wrong.
Defendant Chrysler fails to plead or show any prejudice to it if the amendments are allowed  these plaintiffs should be given the opportunity to present their case in its best light.
Defendant will be given the usual time within which to answer the two counts in the amended complaint; and, unless defendant shows the need for further discovery, the case will be set down for further pretrial on the new matter for *18 November 30, 1962 and in the advance calendar call for December 14, 1962.
Counsel for plaintiff will present an appropriate order in conformity with these conclusions.