82 N.J. Super. 446 (1964)
198 A.2d 103
ALMA SCOTT, PLAINTIFF-RESPONDENT,
v.
ETHEL GARBER, N/K/A ETHEL GARBER BERGMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1964.
Decided February 21, 1964.
*447 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. James B. Emory argued the cause for appellant (Mr. J. Chester Massinger, attorney).
Mr. John E. Campo argued the cause for respondent (Mr. Joseph Teich, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This is an icy sidewalk fall case. Plaintiff filed suit against the defendant for damages for personal *448 injuries. The alleged cause of the fall as asserted by plaintiff in her original complaint was that defendant had negligently and carelessly shoveled the public sidewalk on her property causing a layer of ice to be on the sidewalk thereby rendering it more dangerous than it had been prior to shoveling. Plaintiff also contended that the aforesaid condition constituted a nuisance. The pretrial order in setting forth plaintiff's factual contentions repeated the assertion that plaintiff was caused to fall on the sidewalk due to the negligent and careless manner in which it had been shoveled.
Prior to trial, but more than two years after the accident had happened, plaintiff applied for leave to amend her complaint to add the contention that the ice on the sidewalk on which she fell had been caused by the collection of water from the roof of defendant's building and the discharge of such water through pipes onto the abutting sidewalk in an unreasonable, negligent and careless manner. Defendant objected to said amendment solely on the ground that it introduced a new cause of action on which the statute of limitations had run. No other prejudice to defendant was claimed. The trial court allowed the amendment. Defendant thereupon filed an answer to said amendment setting up the defense of the statute of limitations, and also sought leave to file a third-party complaint against the adjoining property owner on the ground that conditions on defendant's sidewalk resulted from the acts of the third-party defendants in collecting water from the building on their property and from the land and discharging it through pipes, so that it eventually flowed onto defendant's sidewalk. Plaintiff then moved to strike the defense of the statute of limitations.
After hearing argument on the cross-motions, the trial court struck the defense of the statute of limitations. The court also refused leave to file the proposed third-party complaint, holding it would only complicate the proof in the case and that it would be better to keep the two matters separate.
Defendant by leave of this court appeals from the order allowing the amendment to plaintiff's complaint, the order *449 striking out the defense of the statute of limitations, and the order denying defendant's application to file a third-party complaint.
Basically, two questions are involved. (1) Was the amendment to plaintiff's complaint a new cause of action beyond that asserted in the original complaint? (Defendant does not object to the amendment other than in that it introduced a new cause of action which was barred by the statute of limitations.) (2) Did the trial court abuse its discretion in denying defendant's application to file a third-party complaint?
Amendments to pleadings are governed by R.R. 4:15. Once issue has been joined a party may amend his pleading only by leave of court or by written consent of the adverse party; "and leave shall be freely given when justice so requires." R.R. 4:15-1. When the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." R.R. 4:15-3.
In the instant case defendant challenges the allowance of the amendment solely on the ground that it introduces a new cause of action after expiration of the statute of limitations. Therefore the inquiry is whether plaintiff's claim as set forth in the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint. If it did, the amendment relates back to the date of the original complaint, and the statute of limitations is inapplicable.
We conclude that the amendment does not state a new cause of action. Plaintiff's claim against the defendant is for damages for personal injuries suffered in a fall on ice on the defendant's sidewalk. Both the original complaint and the amendment refer to the same accident and the same icy condition of defendant's sidewalk. The only difference is in the asserted causal basis for the icy condition.
Prior to the adoption of R.R. 4:15-3, the general rule was that amendments which did not introduce a new cause of *450 action or defense were ordinarily held to relate back to the time of filing the original pleading. Cases took divergent views on the application of this rule. See Doran v. Thomsen, 79 N.J.L. 99 (Sup. Ct. 1909); Scott v. Schisler, 107 N.J.L. 397 (Sup. Ct. 1931); Magliaro v. Modern Homes, Inc., 115 N.J.L. 151 (E. & A. 1935); Meyers v. Otz, 123 N.J.L. 215 (E. & A. 1939); O'Shaughnessy v. Bayonne News Co., 9 N.J. Misc. 345, 154 A. 13 (Cir. Ct. 1931) affirmed o.b. 109 N.J.L. 271 (E. & A. 1932); Casavalo v. D'Auria, 12 N.J. Misc. 81, 169 A. 520 (Sup. Ct. 1933). Various tests were formulated as a means of determining whether a new cause of action was being introduced. For example, if the same evidence which would establish the cause set forth in the original complaint would also establish that set forth in the amended complaint no new cause of action was held to have been pleaded. This test, while mentioned in some of the more recent opinions, Levey v. Newark Beth Israel Hospital, 17 N.J. Super. 290 (Cty. Ct. 1952); Tackling v. Chrysler Corp., 77 N.J. Super. 12 (Law Div. 1962), is at best inconclusive. The criterion set forth in R.R. 4:15-3 is whether the claim asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint. Basically, the inquiry should be whether the subject of the controversy remains the same. See Gudnestad v. Seaboard Coal Dock Co., 15 N.J. 210, 223 (1954). If the gist of the action is the same no new cause of action has been pleaded. See Russo v. Wright Aeronautical Corp., 1 N.J. 417, 420 (1949) (a Workmen's Compensation case).
In Cafone v. Nesto Const. Co., 36 N.J. Super. 200 (Cty. Ct. 1955) (Gaulkin J.C.C.), plaintiff had filed a complaint charging that his injuries were caused by defendant's permitting fumes from a gasoline pump to accumulate in a pipe which plaintiff entered in the course of rescue operations. After the statute of limitations had run plaintiff applied to amend his complaint to include the contention that defendant also negligently permitted sewer gas to accumulate in the *451 pipe. The trial court over defendant's objection permitted the amendment, holding that it did not change the theory upon which plaintiff predicated liability but merely changed the particulars as to how the duty was breached. Cafone, supra, at p. 206. See also Tackling v. Chrysler Corp., supra.
In the instant case, as heretofore noted, the original complaint as well as the amendment charges that defendant had negligently caused a layer of ice to be on the sidewalk and that plaintiff fell and was injured as a result thereof. We conclude that under R.R. 4:15-3 the amendment related back to the filing of the original complaint and that the statute of limitations was inapplicable.
Defendant's second point is that the trial court erred in denying defendant's application to file a third-party complaint. The procedure involving the filing of a third-party complaint is set forth in R.R. 4:14-1 which provides:
"A defendant may move, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"
The grant or denial of a motion for leave to proceed against a third-party defendant is a matter left to the sound discretion of the trial judge. Reinhardt v. Passaic-Clifton Nat. Bank, 16 N.J. Super. 430 (App. Div. 1951). This discretion may be interfered with by an appellate court only when the action of the trial court constitutes a clear abuse of that discretion. Salitan v. Magnus, 28 N.J. 20, 26 (1958). In the instant case the trial judge in denying defendant's motion stated that the allowance of a third-party complaint would complicate the proof and that it would be better to keep the two matters separate. We cannot say that his action amounted to a clear abuse of discretion. Defendant is not without recourse against the third-party defendants should plaintiff recover a judgment herein.
Affirmed; no costs.