BENJAMIN SIEGEL ET AL., PLAINTIFFS-APPELLANTS, v. CLIFTON E. SMITH ET AL., DEFENDANTS-RESPONDENTS.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellants, *Robert I. Morris*.

For the respondents, *Andrew Van. Blarcom* and *Robert W. Brady*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment in favor of the defendants below.

The plaintiffs below being the owners of twenty (20) shares of the capital stock of the S. & S. Amusement Company, Incorporated, operating a moving picture theatre in Sussex, New Jersey, such shares being all of the issued and outstanding stock of the corporation, entered into an agreement to sell the same to the defendants, such agreement being in writing and dated August 4th, 1933. The total consideration was $3,000 of which $500 was paid upon the execution of the agreement and the balance of $2,500 was to be paid in monthly installments of $100 commencing October 1st, 1933. The contract contains no provision for acceleration because of non-payment of any installment.

It appears to be undisputed that at the time of this sale and agreement it was represented by the plaintiffs-sellers that the total debts of the corporation did not exceed $500, which debts, to that amount, the defendants-purchasers were to assume and pay as a further consideration in excess of the sum of $3,000.

Subsequently it developed that the indebtedness of the company exceeded the sum of $500 by some $168. This, by agreement of the parties, was paid by the defendants and deducted from the November and December payments under the contract of sale and the difference paid by the defndants to the plaintiffs. So far there appears to be no dispute and it is conceded that thereby the October, November and December, 1933, installment payments had been made and satisfied.

On January 4th, 1934, one Esther Alter, the assignee of Charles Reichman, the step-son-in-law of the plaintiff Benjamin Siegel, brought an action in the Supreme Court, Essex Circuit, against the S. & S. Amusement Company, Incorporated, seeking to recover an alleged claim against it of $1,014.69 for moneys said to have been loaned to it prior to the aforesaid sale of stock to the defendants.

As a result of this suit, the defendants did not pay the January 1st, 1934, installment nor any subsequent thereto. On February 26th, 1934, the plaintiffs brought suit to recover not only the installments of January and February, 1934, then due but for the entire balance of the consideration which they claimed amounted to $2,300. This was upon the theory that the contract of sale was entire and a default in the payment of one installment accelerated and made all remaining installments immediately due and payable.

The defendants answered by a general denial and that they were entitled to a credit of $300 and not $200, as alleged, and by two separate defenses:

1. That if the plaintiffs were entitled to recover anything they could not recover more than the two installments due and unpaid at the time of the commencement of the action, namely those of January and February, 1934, amounting to $200.

2. That the plaintiffs had at the time of the sale falsely represented to the defendants that the total debts of the S. & S. Amusement Company did not exceed $500 while, as a matter of fact, it subsequently developed that they amounted to $668 and further that there was due and owing by the corporation to one Charles Reichman upward of $1,000 for which suit had been brought against the corporation demanding $1,014.69 and interest which suit was still pending and the amount demanded had not been paid and satisfied by the plaintiffs.

Upon the trial of the issue there was a verdict in favor of the defendants and from the judgment entered thereon the plaintiffs appeal assigning nine grounds for reversal.

These are argued under three points.

We will consider and dispose of the third point first and that is that the court erred in ruling that the contract sued upon was severable and not entire.

We conclude that there was no error in so ruling.

"The question whether a contract is entire or divisible, in respect of the question of payment of the consideration, cannot be solved by the application of any fixed legal standard. It depends upon the intention of the parties, to be gathered from all the circumstances surrounding the agreement and the face of the contract, if in writing. It is quite as much, as a rule, a question of fact as of law."

*Dixon* v. *Smyth Sales Corp.*, 110 *N. J. L.* 459, and the cases therein cited, as applied to the present case, is controlling.

The court instructed the jury that the plaintiffs could in no event recover more than $200 for the two installments in arrears, with interest. This was correct.

Points 1 and 2 may be considered together. They are:

1. The trial court erred in adopting the theory that the fraud as alleged by defendants constituted a complete defense to the plaintiffs' cause of action.

2. The trial court erred in submitting the question of fraud to the jury.

The court in substance charged the jury that if fraud had been established the defendants were relieved from their obligation; that fraud vitiated the contract and if fraud had been established the defendants were relieved from payment and that the question was "ought there to be a judgment for $200 or a judgment for the defendants of no cause of action."

This was error.

The true rule is: "When a vendee discovers he has been induced to make a contract of purchase by fraudulent misrepresentation of his vendor he has a choice of remedies. He may rescind the contract, restore what he has received and recover back what he has paid or he may affirm the contract and recover the damages he has sustained by the fraud." *Byard* v. *Holmes,* 33 *N. J. L.* 119; *Conlan* v. *Roemer,* 52 *Id.* 53; *Kvedar* v. *Shapiro,* 98 *Id.* 225; *Maioran* v. *Calabrese,* 100 *N. J. Eq.* 315.

In the present action the defendants took neither of these positions but, as has heretofore been pointed out undertook to prove fraud, and, being successful in that direction, then to keep what they had and be relieved from all liability under their contract of purchase, both present and future.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.