PELLEGRINO MAGLIARO, PLAINTIFF-RESPONDENT, v. MODERN HOMES, INCORPORATED, DEFENDANT-APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Robert H. Doherty.*

For the respondent, *Felix Forlenza.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The plaintiff-respondent entered into a parol contract with the defendant-appellant to exca-

vate, lay sewers and construct an extension of Caldwell road, Lincoln Park, in Maplewood, according to plans and specifications of E. R. Halsey, engineer. The consideration was based upon unit prices for which plaintiff then was performing or had executed a like work on adjoining property of one Sirlyn. Payments were to be made monthly upon the certificate of Halsey, the engineer, to eighty per cent. of the amount of such certificates.

The agreement was entered into April 1st, 1926. A monthly certificate of the engineer was issued May 26th, 1926; payment thereof was not made; plaintiff discontinued work and brought suit for the amount of the unpaid certificate on May 21st, 1929.

The complaint consists of three counts but we are only concerned with the first because at the trial the second and third were either abandoned or stricken out.

The first count averred:

"1. On or about April 1st, 1926, * * * plaintiff agreed to excavate, lay sewers, fill and construct Caldwell road * * * according to the plans and specifications of E. R. Halsey, engineer, upon defendant's promise to pay to plaintiff eighty per cent. of the work completed each month upon presentation to defendant of the engineer's statement certifying the amount of work completed.

"2. Plaintiff had in all things performed said agreement during the first month of operation and did present the engineer's certificate to defendant, &c., * * *.

"3. There is now due and owing plaintiff $2,059.92 which defendant has refused, neglected and failed to pay in whole or in part, although requested to do so.

"4. Plaintiff demands as damages $2,059.92 with interest and costs."

The defendant answered by admitting all the allegations contained in paragraph 1 of the first count denying all other allegations of the complaint and pleading four separate defenses and a counter-claim.

The separate defenses are:

1. That plaintiff failed to perform and carry out the terms

of his contract resulting in defendant being obliged to complete the work at a cost exceeding the contract price.

2. That the work performed was not done and completed to defendant's satisfaction nor according to the specifications and drawings.

3. That, under the contract, time was of the essence and the work was not performed within the time provided by the contract by reason of which defendant was put to a loss of $25,000.

4. That the work was performed in an improper and unworkmanlike manner so that the defendant was required to do over a part thereof as well as complete the work at the sum of $3,000.

The counter-claim is:

As a result of plaintiff's failure to perform his contract and his abandonment thereof defendant was obliged to complete the work at a cost of $3,000. Defendant "demands an affirmative judgment against the plaintiff in the sum of $28,000 on counter-claim."

The plaintiff replied denying every allegation of the answer and counter-claim.

It appears from the proofs that the defendant refused payment to the plaintiff because it disputed the rock removal and the quantity of the earth excavation certified by the engineer. This dispute seems to have continued from May, 1926, until some time about April, 1928, when defendant proceeded to complete the work which was accomplished in May of that year.

At the trial the proofs on the part of the plaintiff were not only that his contract was as alleged in paragraph one of the first count of his complaint, admitted by the first paragraph of the defendant's answer, but further that if any monthly estimate was not paid plaintiff's obligation to continue with the work would cease. This seems not to have been seriously objected to; at least, no exception was taken to any ruling thereon.

The ground of appeal now before us was not raised until the close of the entire case when a motion for direction of

verdict, in favor of the defendant, was made and urged upon two grounds:

1. "That there is a substantial and fatal variance between the complaint and the proof.

2. "That the only contract is the so-called Sirlyn contract which is repudiated."

The latter, whatever it may have been intended to urge, does not seem to have been pressed below and is not urged here.

The motion was denied and the plaintiff was permitted to amend paragraph 1 of the first count of his complaint (the second and third counts being stricken) by restating it as theretofore and adding that the payment of the monthly estimates was a condition precedent to his proceeding with the work.

This was objected to upon the ground of surprise and that it presented a new cause of action after the running of the statute of limitations against the original cause.

The question of surprise does not appear to have been pressed below or pursued here. Below it was stated but not shown to exist in fact.

The only grounds of appeal are:

1. The trial court was in error in granting leave to plaintiff to amend his complaint, to avoid variances, the effect of which was to state a new, and substantially different, cause of action after the statute of limitations had run.

2. That the trial court was in error in refusing to direct a verdict in favor of the defendant on the pleadings and proofs as the same stood prior to granting leave to plaintiff to amend his complaint.

The court and counsel for both parties appear to have acted upon the theory that if plaintiff refused to proceed with the work under his contract simply and solely because the defendant failed or refused to make payment of the installment in question he could not have a recovery. So, in fact, the trial court charged and such instruction appears to have been accepted because neither party lodged any exception to it.

The point is not before us and a conclusion as to its soundness is of value only in determining whether or not the plaintiff, to the extent that he had pleaded, had a maintainable cause of action.

We find he did. His contract, as the court below held, was entire, in that it called for labor and materials for a single complete piece of work. The consideration was payable in monthly installments of eighty per cent. of the work certified based upon unit prices for the several classes of work. Having a certificate of the engineer, as required by his contract, he was entitled to the payment and upon non-payment could sue and recover. *Potts* v. *Point Pleasant Land Co.,* 49 *N. J. L.* 411; *Vine* v. *Kennedy,* 2 *N. J. Mis. R.* 774; *Luce* v. *New Orange, &c.,* 68 *N. J. L.* 34; *Kinney* v. *Federal Laundry Co.,* 75 *Id.* 497; *O'Toole* v. *O'Toole,* 10 *N. J. Mis. R.* 159, 162; *Diamond T. Motor Co.* v. *Eucker, Ibid.* 814, 820; *United and Globe Rubber Co.* v. *Conrad,* 80 *N. J. L.* 286, 294; *Corn Exchange National Bank of Philadelphia* v. *Taubel,* 113 *Id.* 605, 615; *Boone* v. *Eyre,* 2 *W. Bl.* 1312; 1 *H. Bl.* 273; 2 *Williston Contracts,* § 818.

But a breach of an independent covenant, while it places in the hands of the party against whom the breach runs a right of action thereon, does not, necessarily, make for a breach or abandonment of the entire contract on the part of the other party thereto. Where a contract is entire but payments are in installments to be made at fixed and ascertained times during performance default in payment of any installment will not, ordinarily, entitle the other party to abrogate the contract. *Blackburn* v. *Reilly,* 47 *N. J. L.* 290; *Ryan* v. *Reinney,* 57 *Id.* 474; *Stone* v. *West Jersey Ice Manufacturing Co.,* 65 *Id.* 20, 24; *Empire Rubber Co.* v. *Morris,* 77 *Id.* 498.

So, in the present case, the plaintiff alleged a default in the payment of an installment under his contract. He alleged so much of his contract as was necessary to show that such a payment should have been made and was not.

He had a cause of action thereon and his allegations in his complaint were sufficient to set it forth. The defendant

attacked the certificate upon which such payment was based as inaccurate and incorrect; that the work done was not properly done; that the plaintiff breached his contract by refusing to go forward with its completion; that the defendant completed the work at an excess cost of \$3,000 and was damaged by the delay in completion to the extent of \$25,000.

This was set up by way of defense in the answer and by counter-claim. We need not concern ourselves as to whether or not the alleged breach on the part of the plaintiff was properly pleaded by the answer (*Kinney* v. *Federal Laundry Co., supra*), because it was set up, although inartistically, by a counter-claim. The legal situation was that the plaintiff was entitled to have and maintain his action upon the independent covenant to pay and was entitled to a recovery thereon unless and until the defendant produced satisfying proof of the incorrectness of the certificate upon which it was based. Under the averments of the complaint the plaintiff was not necessarily warranted in abrogating or refusing to go forward with his contract to completion and assuming that the facts produced at the trial did not warrant him in taking this position, the defendant, under its counter-claim, was warranted in producing proofs showing its damage for such unwarranted breach. If the damage established was less than plaintiff's demand he was entitled to a recovery for the difference only; if it equaled his demand he was entitled to nothing and if it exceeded his demand the defendant was entitled to an affirmative judgment against him for the difference. But, as has been shown, the defendant did not go forward and present any proof of damage but seems to have relied entirely upon the idea that it had shown that the plaintiff was not warranted in refusing to go forward, after the non-payment of the installment, and this was a bar to his right to recover. This, as has been shown, is not so.

Now, as to the matter that is urged before us, that the amendment permitted to the complaint stated a new cause of action after the statute of limitations had run, it will be found that amendments in causes where the statute of limitations has run have been liberally permitted as will appear

from the following cases: *Casavalo* v. *D'Auria, 12 N. J. Mis. R.* 81; *Giardini* v. *McAdoo, 93 N. J. L.* 138; *Swank* v. *Pennsylvania Railroad Co., 94 Id.* 546; *Boniewsky* v. *Polish Home, 103 Id.* 323; *Wilson* v. *Dairymen's, &c., 105 Id.* 188; *Norko, &c., et al.,* v. *Rau, 107 Id.* 479; *O'Shaughnessy* v. *Bayonne News, 9 N. J. Mis. R.* 345; *affirmed, 109 N. J. L.* 271; *Laute* v. *Gearhart, 11 N. J. Mis. R.* 117; *affirmed, 112 N. J. L.* 382.

The situation in the case now before us is well stated by the rule relied upon in *O'Shaughnessy* v. *Bayonne News, supra,* as follows:

"It is quite generally held that if the identity of the transaction forming the same cause of action originally declared upon is adhered to, an amendment is not ordinarily regarded as substantially changing the plaintiff's claim or stating a new or substantially different cause of action. So an amendment will not, as a rule, be held to state a new cause of action if the facts alleged show, substantially, the same wrong with respect to the same transaction, or if it is the same matter *more fully* and *differently laid, or* if the gist of the action or the subject of the controversy remains the same; and this is true although the form of liability asserted, or the alleged incidents of the transaction, may be different. Technical rules will not be applied in determining whether the cause of action stated in the original and amended pleadings are identical, since, in the strict sense, almost any amendment may be said to change the original cause of action. 49 *C. J.* 510, 511."

Applying this rule to the case in hand the situation presented is, as before stated, that the plaintiff pleaded the terms of his contract so far as was necessary to present his cause of action under the independent covenant to pay the installment under the contract; the defendant by its counterclaim asserted a subsequent breach of the contract by the plaintiff and sought to recover damages by reason thereof; the plaintiff might well have stood upon the allegations of his complaint as to the terms of his contract but saw fit by the amendment in question to more fully set forth the terms

of such contract so as to more safely and surely meet the defendant's cause of action against him under its counter-claim. By so doing he was not substituting a new cause of action. His cause of action remained as it was originally, upon the contract, for breach of its independent covenant to pay an installment of the consideration. The plaintiff instead of amending the complaint might well have moved to amend his reply, or answer (as it should have been) to the counter-claim by asserting the same facts as contained in the amendment in question. This would have met the situation and certainly no substantial complaint could have been made thereto and still the same protective purpose would have been accomplished.

There was no error in permitting the amendment.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.