INTEGRITY FLOORING, INC., PLAINTIFF-APPELLEE, v. ZANDON CORP., INC., DEFENDANT-APPELLANT.

Submitted January 19, 1943—Decided June 14, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *W. Louis Bossle.*

For the appellee, *Leonard H. Savadove* (*John A. Riggins,* of counsel).

The opinion of the court was delivered by

Perskie, J. This is a contract case. The sole issue before us is whether the trial court, sitting without a jury, erred in directing the entry of a judgment of no cause for action in favor of plaintiff on defendant's counter-claim.

The state of demand was in three counts. A judgment of no cause for action was entered on the "second count" in favor of defendant, and the "third count" was "dismissed by the plaintiff at the opening of [its] case." There is no appeal from the disposition made of the second and third counts. This case is before us on the issues raised and determined on the "first count" of the state of demand and on the issues raised and determined on defendant's counter-claim.

Plaintiff's suit has for its source a written agreement which was executed on December 12th, 1940, between it and defendant. By this agreement plaintiff agreed "to finish laying floors" in an apartment house building erected and owned by defendant. Plaintiff was to be paid a total of $1,350 for its work, 80% of that sum or $1,080, becoming due "on completion of laying" and 20% of that sum or $270, "on completion of finish[ing]" thereof. There was proof before the court in support of the facts that the laying of the floors was substantially completed; that $800 was paid, and that demand for $280, being the balance of 80% of the contract price, was made. There was also proof for the plaintiff that at no time had there been any request by defendant that it complete the finishing of the floors under the contract.

In pursuance of plaintiff's demand, defendant filed written specifications of the defenses it intended to make to plaintiff's action. Briefly stated its defenses were that plaintiff failed to complete that portion of its undertaking which would have entitled it to the payment of 80% of the contract price, that it did not use the material specified and that it did not complete the laying of the flooring. Additionally, defendant, by way of counter-claim, alleged that plaintiff breached its con-

tract, and that as a result of that breach defendant was obliged to engage the services of another contractor to complete the work at a price exceeding that provided for in the agreement between them. And as an additional element of damages, defendant further alleged that, by reason of plaintiff's failure to complete the work, it was delayed for the space of one month in renting the apartments in the building in question.

In support of its answer and counter-claim, defendant offered proof that the laying of the floors had not been completed on the landings and stairs, that plaintiff was requested several times to finish the job and failed to do so, and that defendant hired another, a "boss carpenter" and "hardwood floor man," who at the charge of $20 completed the laying of the floors and who at the additional charge of $480 completed the finishing of the floors. Plaintiff on rebuttal categorically denied defendant's proofs.

In this posture of the proofs, the judge found that plaintiff had substantially completed the laying of the floors and was entitled to 80% of the contract price, less the $20 defendant was obliged to pay for the completion of the laying of the floors. Cf. Globe Home Improvement Co. v. Michnisky, 120 N. J. L. 233; 199 Atl. Rep. 57. Judgment was accordingly entered in favor of the plaintiff for $260 and costs. Defendant concedes that the judgment so entered "was quite proper." Its complaint is that the trial judge erroneously denied its motion for judgment on its counter-claim.

We think there was error, and that under the proofs defendant should have been awarded a judgment on its counter-claim. The trial judge found, and there is factual support for that finding, that defendant breached its undertaking in not paying the full amount due upon the laying of the floors. When a breach such as this occurs in a contract which is entire, it does not relieve the party against whom the breach occurs from full and complete performance of his undertaking. Magliaro v. Modern Homes, Inc., 115 N. J. L. 151; 178 Atl. Rep. 733. Thus if the contract is an entire and not a divisible contract, plaintiff was obliged to finish the floors and is responsible in damages for its failure to do so.

It is, of course, settled that whether a contract is entire or divisible depends upon the intention of the parties as gathered from the agreement itself and from the circumstances surrounding it. *Dixon* v. *Smyth Sales Corp.,* 110 *N. J. L.* 459; 166 *Atl. Rep.* 103; *Siegel* v. *Smith,* 115 *N. J. L.* 131; 178 *Atl. Rep.* 776. A contract is said to be entire when the consideration moving from the promissor is conditioned upon the complete performance by the promissee of his promise. *Dixon* v. *Smyth Sales Corp., supra; Williston on Contracts (Rev. Ed.),* §§ 860A, *et seq.; Restatement, Contracts,* § 266(2), § 272. On the other hand, a contract is said to be divisible when performance is divided in two or more parts with a definite apportionment of the total consideration to each part. *Williston on Contracts, supra; Restatement, Contracts,* § 266(3), § 272; *Dixon* v. *Smyth Sales Corp., supra.* While the performance of the contract in the case at bar is divided into two parts, namely, the laying of the floors, and the "finishing" thereof, there is nothing before us either in the agreement or in the circumstances surrounding it to indicate that the apportionment of the total consideration bears any relation to each item of performance. In other words, there is no proof that 80% of the contract price represents the cost of laying the floors and that 20% thereof represented the costs of finishing. We therefore conclude that such was not the case and that the contract was an entire one. It follows then, as already indicated, that it was incumbent upon plaintiff to complete its undertaking. This it failed to do, and since damages were proved by defendant as a result of that failure, defendant was entitled to a judgment on its counter-claim.

The judgment is therefore reversed, and a *venire de novo* awarded. Costs to abide the event.