**UNITED STATES v. SCHEFRIN.**

Civ. A. No. 399–52.

United States District Court
D. New Jersey.

July 1, 1953.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., By: Lawrence A. Whipple, Sp. Asst. U. S. Atty., Jersey City, N. J., for plaintiff.

Wilentz, Goldman, Spitzer & Sills, Perth Amboy, N. J., By: Arthur J. Sills, Perth Amboy, N. J., for defendant.

## HARTSHORNE, District Judge.

Defendant moves to strike the original complaint, consisting of a single count, in this action to recover damages for defendant's alleged violation of the ceiling price stabilization regulation. Defense Production Act 1950, § 409(c), Title 50 App.U.S.C.A. § 2109. Defendant grounds its motion on the complaint's alleged "failure to state a claim upon which relief can be granted". F.R.C.P. 12(b), 28 U.S.C.A.[1] Defendant's theory is that the act applies only to sales, not to loans, whereas the written agreement referred to in the complaint, and annexed thereto, purports in words to be not a sale, but a loan.

In answer, plaintiff notes that the complaint, Count 1, paragraph 5, claims that "on May 8, 1951 defendant sold certain machinery and machine tools to American Aircraft Manufacturing Company * * *" at over-ceiling prices. "This sale was by virtue of a certain agreement". The agreement annexed to the complaint sets forth a transfer on said day, of said machinery, by said defendant, to said American Aircraft, for the very price alleged in the complaint. In short, the transaction set forth in the agreement is the very transaction alleged in the complaint, save that the agreement characterizes it as a loan. As to this loan, plaintiff says same was not a fact, but a sham, framed by the parties to evade the statute; that the agreement was actually carried out according to all its other terms, by the parties, as alleged in the complaint.

Actually, then, the agreement evidences not a different transaction from that alleged in the complaint, but the very same transaction.

Furthermore, plaintiff now seeks to amend its complaint simply by specifying therein the sham angle to this single transaction entered into by the defendant and the other parties. This amendment is sought, not to set up a new over-ceiling price transaction, but to specify defendant's sham in the single, actual transaction, so that defendant may not claim at the trial that proof of same will then "prejudice him", contrary to F.R.C.P. 15(b).

The Federal Rules of Civil Procedure make it clear that the essence of a complaint is not the statement of a technical cause of action, whether on contract, in tort, in equity, or otherwise. For there is to be but "one form of action", F.R.C.P. 2, same to be a statement of a "claim showing that the pleader is entitled to relief". F.R.C.P. 8(a). This pleading, instead of being a statement of a technical form of action, is to be a statement of "the conduct, transaction, or occurrence", F.R.C.P. 15(c), out of which plaintiff's right, and defendant's wrong, arose. This clearly calls for a statement of the facts of the matter. This statement is good if it is one "showing that the pleader is entitled to relief", i. e., states a cause of action, regardless of its technical, legal character. But if the transaction stated is inaccurate in, or omits, some detail, an amendment may be had as to this detail, regardless of whether the technical, legal form of the claim is altered thereby, provided only the transaction is in essence the same before and after the amendment. Such being the case, "the amendment relates back to the date of the original pleading", F.R.C.P. 15(c).

Under such circumstances the applicable statute of limitations is to be considered, not as of the date of the actual amendment, but as of the date of the original pleading. The reason for this is, as stated by the United States Supreme Court

---

[1] Since such motion, the complaint has been amended, by adding a number of other counts, which are not involved in the present motion, same being directed solely to the original "Count One" of the complaint.

in Tiller v. Atlantic Coast Line, 1944, 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465, "There is no reason to apply a statute of limitations when, as here, the respondent has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard." See to the same effect Maty v. Grasselli Chemical Co., 1937, 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745; Brown v. New York Life Insurance Co., D.C.N.J.1940, 32 F.Supp. 443; Magliaro v. Modern Homes, Inc., (1935), 115 N.J.L. 151, 178 A. 733, 736.

■ Here the complaint is not self-contradictory, but refers to a single actual sale transaction. Defendant's motion to dismiss must therefore be denied. Further, since plaintiff's motion to amend does not change the gist of this single sale transaction, but merely safeguards defendant from prejudice at the trial, the amendment is proper.

An order will issue accordingly.