IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 17, 2012

## MICHAEL MCGHEE v. SHELBY COUNTY GOVERNMENT

**Appeal from the Circuit Court for Shelby County**
**No. CT-001410-11      Robert Weiss, Judge**

_____

**No. W2012-00185-COA-R3-CV - Filed June 11, 2012**

_____

This is a breach of contract case. Appellant, a former employee of Appellee Shelby County, filed suit against Shelby County for alleged breach of a settlement agreement. Specifically, Appellant alleges that Shelby County breached the contract by failing to change Appellant's employment record to reflect that he resigned, rather than that he was fired, and/or by informing Appellant's potential employer that Appellant was fired. Shelby County filed a motion to dismiss on the ground that the six-year statute of limitations for breach of contract actions had expired. The trial court granted the motion to dismiss. We conclude that: (1) the contract is severable; (2) Appellant's cause of action for Shelby County's breach of its obligation to change his employment records was correctly dismissed on the statute of limitations ground; (3) Appellee's contractual obligation to answer employment inquiries pursuant to the terms of the contract was not implicated until the condition precedent occurred (i.e., until inquiry was made by a third-party); and (4) the breach of this obligation accrued when Shelby County disseminated information counter to that contemplated in the settlement agreement. Accordingly, the Appellant's claim that Shelby County violated the express terms of the settlement agreement in 2010 by informing the Appellant's potential employer that he was fired is not barred by the applicable statute of limitations. Affirmed in part, reversed in part, and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Darrell J. O'Neal, Memphis, Tennessee, for the appellant, Michael McGhee.

Martin W. Zummach, Germantown, Tennessee, for the appellee, Shelby County Government.

# OPINION

On September 2, 1998, Appellant Michael McGhee was "released" from his position as a patrolman with the Shelby County Sheriff's Department, a division of Shelby County Government ("Shelby County," or "Appellee").[1] After Mr. McGhee unsuccessfully appealed the disciplinary decision to the Civil Service Merit Board, he continued the appellate process in the chancery court. While the appeal to the chancery court was pending, on January 6, 2000, Mr. McGhee and Shelby County entered into a settlement agreement and release (the "Contract"). The Contract provides, in relevant part, that:

> 1. McGhee shall immediately take such steps as are reasonably necessary to withdraw and terminate any further appeals of disciplinary action taken against him by the Shelby County Sheriff's Department.
> 2. Contemporaneous with the execution of this Agreement and Release, McGhee shall furnish to Shelby County, a written letter of resignation as an employee of Shelby County.
> 3. Following the execution of this Agreement, Shelby County shall make such adjustments and/or corrections to the employment records of McGhee so as to reflect his resignation from Shelby County effective September 2, 1998.
>
> *                              *                              *
>
> 7. Shelby County covenants that henceforth, any employment inquiries in connection with McGhee shall be answered by furnishing only the dates of employment; the beginning and ending salary; and, the fact that McGhee resigned effective September 2, 1998.[2]

---

[1] The amended complaint uses the term "released" to describe the action taken by Shelby County. The exact circumstances surrounding Mr. McGhee's release are not elaborated in the appellate record. The contract at issue here indicates only that, "on or about August 19, 1998, McGhee had been charged with certain violations of departmental rules and regulations of the Shelby County Sheriff's Department [in] his capacity as a Deputy Sheriff." The contract indicates that a review of these charges resulted in "a recommendation of termination of McGhee."

[2] It is well settled that, when considering a motion to dismiss, a trial court should review only the complaint and any exhibits attached in accordance with Tenn. R. Civ. P. 10.03, which states, in relevant part, that "[w]hen a claim is founded on a written instrument . . . a copy of such instrument or pertinent parts

(continued...)

The instant appeal is based upon alleged breaches of the Contract on the part of Shelby County. Mr. McGhee filed his original complaint for breach of contract on March 23, 2011; an amended complaint was filed on April 18, 2011. In relevant part, the amended complaint avers that:

> 13. The [Contract] stated: "Following the execution of this [Contract], Shelby County shall make such adjustments and/or corrections to the employment record of McGhee so as to reflect his resignation from Shelby County effective September 2, 1998.
>
> 14. The [Contract] also stated, "Shelby County covenants that henceforth, any employment inquiries in connection with McGhee shall be answered by furnishing only the dates of employment; the beginning and ending salary; and the fact that McGhee resigned effective September 2, 1998."
>
> 15. On or about June 4, 2010, [Mr. McGhee] applied for a position with the Memphis Police Department. . . .
>
> 16. [Mr. McGhee] was told . . . that despite his successful application process, he did not pass a background approval because his permanent employee record from [Shelby County] reflected that [Mr. McGhee] had been terminated from his employment.
>
> 17. [Shelby County, in the Contract,] agreed to represent only the following upon inquiry about [Mr. McGhee's] employment record: (i) the date of when he began employment with the law enforcement agency, (ii) the date [Mr. McGhee] resigned from his employment and (iii) salary information.

[2](...continued)
thereof shall be attached to the pleading as an exhibit. . . ." *See* ***Trau-Med of America, Inc. v. Allstate Ins. Co.***, 71 S .W.3d 691, 696 (Tenn. 2002); ***Marceaux v. Thompson***, 212 S.W.3d 263, 266 (Tenn. Ct. App. 2006); ***Pendleton v. Mills***, 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001). Here, the Contract is properly attached as an exhibit to the amended complaint because the complaint alleges its breach. Consequently, the Contract is not "a matter[] outside the pleading" so as to require this Court to apply the standard of review applicable to disposition by summary judgment. Tenn. R. Civ. P. 12.01 (stating that, when "matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56.")

\*       \*       \*

19. [Mr. McGhee's] permanent record with [Shelby County] wrongfully reflect[s] a termination instead of his voluntary resignation, as the contract requires, [and this fact] has barred [Mr. McGhee] from finding other means of employment within any law enforcement agency or security employment.

20. In 2003 [Shelby County] was given notice that [Mr. McGhee's] employment records reflected a termination, rather than voluntary resignation.

21. As of June 2010 [Mr. McGhee's] employment records still reflect a termination, rather than voluntary resignation.

Based upon the foregoing averments, and because Mr. McGhee did not receive an offer of employment from the Memphis Police Department ("MPD") in 2010, Mr. McGhee claims that Shelby County breached the Contract as follows:

25. [Shelby County] intended to bring about or cause the breach by refusing to adhere to the terms of the [Contract], namely the representation that [Mr. McGhee] resigned, and instead, misrepresented that [Mr. McGhee] was terminated from his employment.
26. [Shelby County's] refusal to abide by the terms of the agreement resulted in a malicious misrepresentation of [Mr. McGhee's] employment record with [Shelby County].
27. The Contract was in fact breached when [Shelby County] failed to convey the information agreed upon and stated to the [MPD] that [Mr. McGhee] had been terminated.
28. [Shelby County's] actions were the legal cause of the breach.

\*       \*       \*

31. [Shelby County] was made aware in writing in 2003 that [Mr. McGhee's] employment record had not been corrected pursuant to the [Contract].
32. In complete defiance and gross disregard, [Shelby County] refused to change [Mr. McGhee's] permanent employment record.

-4-

On June 20, 2011, Shelby County answered the amended complaint, denying the material allegations contained therein, and specifically raising, as an affirmative defense, the expiration of the statute of limitations applicable under the Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-101, *et seq.*[3]

On July 29, 2011, Mr. McGhee filed a motion to recuse or disqualify the lawyer representing Shelby County on the ground that the lawyer would likely be called as a witness at trial. Also on July 29, 2011, Mr. McGhee filed a motion to strike Shelby County's answer, and specifically the affirmative defenses raised therein, on the ground that the answer violated Tennessee Rule of Civil Procedure 8.02 for lack of specificity. These two motions were supported by memoranda of law.

On August 5, 2011, Shelby County filed a Tennessee Rule of Civil Procedure 12 motion to dismiss, wherein it argued, in relevant part, that:

> 2. [P]ursuant to T.C.A. §28-3-109, the statute of limitations is six years for allegations sounding solely in contract.
>
> 3. In the case at hand, the Amended Complaint filed against Shelby County was filed on April 18, 2011. Earlier, on March 23, 2011, [Mr. McGhee] filed a "Verified Complaint" against the Shelby County Sheriff's Department.
>
> *                              *                              *
>
> 5. In the case at hand, [Mr. McGhee] alleges that he was terminated from the Shelby County Sheriff's Office on or about

---

[3] The answer goes into some detail concerning whether Mr. McGhee was fired. Specifically, the answer states, in relevant part, that:

> 5. Paragraph 9 [of the amended complaint] is admitted. However, [Shelby County] would state that as a result of an investigation initiated following a citizen's complaint, [Mr. McGhee] was charged administratively for abuse of process and truthfulness and was terminated . . . .
> 6. Paragraph 10 [of the amended complaint] is admitted. However, [Shelby County] would state that if by "released" [Mr. McGhee] means termination for cause, then the allegation contained in paragraph 2 is accurate. If [Mr. McGhee] does not mean terminated for cause, Paragraph 10 is denied as worded.

September 2, 1998.

*                              *                              *

7. [Mr. McGhee] states at page 4, paragraph 20 the following:

> In 2003 [Shelby County] was given notice that
> [Mr. McGhee's] employment records reflected a
> termination, rather than a voluntary resignation.

8. While [Mr. McGhee] is not specific on what date in 2003 this
notice to [Shelby County] provided by [Mr. McGhee] occurred,
by [Mr. McGhee's] own statement contained with his
Complaint, the statute of limitations to bring suit under the
longest limitations period of six years would have expired in
2009.

9. Inasmuch as the earliest the lawsuit against Shelby County .
. . was ever brought was March 23, 2011, the Complaint was
fatally doomed from the start.

Mr. McGhee opposed the motion to dismiss. In addition, on September 27, 2011, Mr.
McGhee filed a motion for partial summary judgment, asserting that Shelby County
undisputedly divulged, to the MPD, that Mr. McGhee was fired, and thereby breached the
Contract.

By order of November 30, 2011, the trial court granted Shelby County's motion to
dismiss on the ground that the statute of limitations had expired. Mr. McGhee filed a timely
notice of appeal. Upon review of the appellate record, this Court determined that the order
appealed was not a final judgment. Specifically, the trial court failed to rule on three of Mr.
McGhee's motions: (1) the July 29, 2011 motion to recuse or disqualify Shelby County's
lawyer; (2) the July 29, 2011 motion to strike Shelby County's answer; and (3) the September
27, 2011 motion for partial summary judgment. Tenn. R. App. P. 3(a) (stating that, "if . . .
multiple claims for relief are involved in an action, any order that adjudicates fewer than all
the claims . . . is not enforceable or appealable and is subject to revision at any time . . . ."). 
On May 18, 2012, this Court entered an order, requiring Mr. McGhee to procure a final
judgment from the trial court, or to show cause why the appeal should not be dismissed. On
or about May 30, 2012, the Appellant supplemented the record to include an order dated
May 25, 2012. This order specifically denies Mr. McGhee's outstanding motions, *supra*, and

-6-

consequently all claims have been adjudicated. Therefore, the order is now final for purposes of appeal.

We perceive that there is one dispositive issue, namely:

> Whether the trial court erred in granting Shelby County's motion to dismiss on the ground that the six-year statute of limitations for breach of contract, Tennessee Code Annotated Section 28-3-109(a)(3), had expired.[4]

It is well settled that a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). The ground for such a motion is that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id*. A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

---

[4] As a point of practice, we note that the appellate record, although not voluminous, nonetheless contains extraneous materials. It is, of course, incumbent upon the Appellant to prepare an adequate record for our review. Tenn. R. App. P. 24(b). However, in preparing the record, the Appellant should not lose sight of the other mandates contained in Tennessee Rule of Appellate Procedure 24. We specifically refer the parties to Tennessee Rule of Appellate Procedure 24(a), concerning the content of the appellate record. This Rule provides, in relevant part that:

> The following papers filed in the trial court are excluded from the record:
>
> . . . (2) all papers relating to discovery, including depositions, interrogatories and answers thereto. . . and all notices, motions or orders relating thereto. . . . No paper need be included in the record more than once.

Tenn. R. App. P. 24(a). Had the parties adhered to this rule regarding the exclusion of discovery and duplicate filings, our record would have been more streamlined and the interest of judicial economy would have been better served. Because we very often see extraneous filings in the records, we take this opportunity to remind our future parties that they should endeavor to adhere to the rules when submitting records to this Court.

A cause of action for breach of contract accrues on the date of the breach or when one party demonstrates a clear intention not to be bound by the contract. *Donovan v. Nat'l Commerce Bank Serve., Inc.*, No. W2000–03064–COA–R3–CV, 2002 WL 1751329, at *3 (Tenn. Ct. App. Mar. 15, 2002); *Wilkins v. Third Nat'l Bank in Nashville*, 884 S.W.2d 758, 761–62 (Tenn. Ct. App. 1994). In other words, the statute of limitations begins to run when one of the contracting parties "demonstrates a clear . . . repudiation of the contract." *Wilkins v. Third Nat'l Bank in Nashville*, 884 S.W.2d 758, 761 (Tenn. Ct. App. 1994). "Thus, the statute of limitations begins to run when a contracting party first knows or should know that the contract will not be performed." *Wilkins*, 884 S.W.2d at 762. Because breach or repudiation is the event that triggers the running of the statute of limitations, in order to know when the cause(s) of action accrued in this case , we must first examine the parties' Contract to determine their respective obligations and whether those obligations were triggered upon the execution of the Contract, or were dependent upon the occurrence of condition(s) precedent.

It is well settled that "[t]he central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern." *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002). In ascertaining and giving effect to the contracting parties' intentions, where the parties have reduced their agreement to writing, courts look to the parties' intentions as reflected in the language of the contract itself. *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999). "The intent of the parties is presumed to be that specifically expressed in the body of the contract . . . ." *Planters Gin Co.*, 78 S.W.3d at 890. Where the language of the contract is clear and unambiguous, its literal meaning controls the outcome of contract disputes. *Id*. at 890.

From our review of the parties' Contract, there is no ambiguity. Under the Contract, Shelby County agreed to do two things. First, it agreed to amend Mr. McGhee's employment record to reflect that he resigned, as opposed to that he was fired. Second, Shelby County contracted to answer inquiries from potential future employers "by furnishing only the dates of employment; the beginning and ending salary; and, the fact that McGhee resigned. . . ." Taking the averments in the amended complaint as true and giving all reasonable inference in favor of Mr. McGhee, there were two breaches in this case. First, Shelby County breached the Contract when it failed to amend Mr. McGhee's employment records to reflect resignation. The second breach occurred when Shelby County answered the MPD inquiry by informing the MPD that Mr. McGhee's employment had been terminated. The question, then, is whether Mr. McGhee has a separate cause of action for each breach, or whether the cause of action is singular and accrued when Shelby County failed to amend the employment records. The answer to this question hinges upon a determination of whether the Contract is entire or severable. As explained by this Court in *Collins v. Summers Hardware &*

***Supply Co.***, 88 S.W.3d 192 (Tenn. Ct. App. 2002):

> Under Tennessee law it is clear that the statute of limitations
> begins running as to a contract when the cause of action accrues.
> It is also clear that as to entire contracts, as distinguished from
> severable contracts, a single cause of action arises upon a breach
> occurring. As to severable contracts, however, breaches give rise
> to separate causes of action which may accrue at different times.

*Id*. at 197 (relying on ***Greene v. THGC, Inc***., 915 S.W.2d 809 (Tenn. Ct. App. 1995)).

An agreement may be either entire or severable according to the intention of the
parties. ***Penske Truck Leasing Co. v. Huddleston***, 795 S.W.2d 669, 671 (Tenn. 1990). The
intention of the parties concerning severability is to be determined by a fair construction of
the terms and provisions of the contract, by the subject matter to which it has reference, by
the circumstances of the particular transaction giving rise to the question, and by the
construction placed on the agreement by the parties in carrying out its terms. ***Brockett v.
Pipkin***, 149 S.W.2d 478, 482 (Tenn. Ct. App. 1940). Under Tennessee law, there is no
precise definition of when a contract is entire or when it is severable. ***James Cable Partners,
L.P. v. City of Jamestown***, 818 S.W.2d 338, 344 (Tenn. Ct. App. 1991), *perm. app. denied*,
502 U.S. 1032, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992). However, it is generally accepted
that, if several things are to be performed under a contract and the consideration is
apportioned to each of the items, the contract is ordinarily regarded as severable. ***Hogan v.
Coyne Int'l Enter. Corp.***, 996 S.W.2d 195, 200 (Tenn. Ct. App.1998). The concept of
severability is discussed at 17A C.J.S. Contracts § 441 (2012) as follows:

> Generally, a contract is entire when it contemplates and
> intends that its parts and consideration will be common and
> interdependent, and it is severable if it is inherently susceptible
> of division and apportionment.
> A contract may be either entire or severable. A contract
> may also be entire in certain aspects or for certain purposes, but
> severable in other aspects or for other purposes. As a general
> rule, a contract is entire, or indivisible, when, by its terms,
> nature, and purpose, it contemplates and intends that each and
> all of its parts, and the consideration, are common to each other
> and interdependent. In contrast, a contract is severable, or
> divisible, when, by its terms, nature and purpose, it is
> susceptible of division and apportionment, having two or more
> parts in respect to matters and things contemplated and

embraced by it, not necessarily dependent on each other nor intended by the parties that they should be. In other words, a contract is severable where each part is so independent of each other as to form a separate contract, and severable contracts are, in legal effect, independent agreements about different subjects, though made at the same time.

      In an entire contract, the whole contract stands or falls together, and a contract in the entirety is unenforceable if any part is void. In a severable contract, the failure of a distinct part does not void the remainder, and when a contract is severable, the right of avoidance as to one part does not give rise to the right to avoid the entire contract. Thus, a severable contract, unlike an entire contract, can be partially rescinded or terminated, and such partial termination does not result in an toto rescission of all parts of the contract.

*Id*. (Footnotes omitted). 17A Am. Jur. 2d <u>Contracts</u> §408 (2012) reiterates that:

Another test [to determine whether a contract is severable] . . . is that a contract is entire [i.e., not severable] when, by its terms, nature, and purpose, it contemplates that each and all of its parts are interdependent and common to one another and to the consideration, and **is severable, when, in its nature and purpose, it is susceptible of divisions and appointment, and has two or more parts in respect to matters or things contemplated and embraced by the contract which are not necessarily dependent upon each other**. An agreement is "mutual and dependent" when performance by one party is conditioned on, and subject to, performance by the other.

*Id*. (Footnotes omitted) (Emphasis added). In ***James Cable Partners, L.P. v. City of Jamestown***, 818 S.W.2d 338, 344 (Tenn. Ct. App. 1991), this Court applied the foregoing test stating, in relevant part, that:

As a general rule, a contract can only be rescinded *in toto*. A contract can only be partially rescinded where the contract is severable. A contract is severable where each part is so independent of each other as to form a separate contract. The basic premise behind disallowing a party to affirm in part and repudiate in part is that one should not be able to "accept the

benefits on the one hand while he shirks its disadvantages on the other." 17A C.J.S. Contracts § 416 (1963); *See **Baird v. McDaniel Printing Co., Inc.***, 25 Tenn.App. 144, 153 S.W.2d 135 (1941).

Basically a contract is not severable or devisable [sic] when its purpose, terms and nature contemplate that its parts and consideration shall be interdependent and common to each other. 17A C.J.S. Contracts § 331 (1963). There is no precise definition of when a contract is "entire" or when it is "severable" and each case must ultimately depend on its own facts; however, a whole or entire contract has been referred to as a contract in which the "promises of both parties are interdependent and relate to the same subject matter," ***Williams Hardware Co. v. Phillips***, 109 W.Va. 109, 153 S.E. 147 (1930), or "is one which may not be divided into independent parts." ***LeMire v. Haley***, 91 N.H. 357, 19 A.2d 436, 439 (1941). A devisable [sic] contract, on the other hand, has been referred to as one in which the performance is "divided into different groups, each set embracing performances which are the agreed exchange for each other," ***Pittsburgh Plate Glass Co. v. Jarrett***, 42 F.Supp. 723, 730 (M.D.Ga.1942); ***Jarrett v. Pittsburgh Plate Glass Co.***, 131 F.2d 674 (5th Cir. Ga.1942), or a contract in which the "performance is divided into two or more parts with a definite apportionment of the total consideration to each part." ***Integrity Flooring v. Zandon Corp***., 130 N.J.L. 244, 32 A.2d 507, 509 (N.J.1943).

*Id*. at 344; *accord* ***Mitch Grissom & Assoc. v. Blue Cross & Blue Shield of Tennessee***, 114 S.W.3d 531 (Tenn. Ct. App. 2002).

Under the terms of the Contract, Mr. McGhee was required to withdraw his appeal to the chancery court and to tender a letter of resignation. There is no indication that he failed to do either of these things. Consideration exists when a party does something that he or she is under no legal obligation to do or refrains from doing something which he or she has a legal right to do. *See **Brown Oil Co. v. Johnson***, 689 S.W.2d 149, 151 (Tenn. 1985). Consideration may be either a benefit to the promisor or a detriment to or obligation upon the promisee. ***Johnson v. Cent. Nat. Ins. Co. of Omaha, Neb.***, 210 Tenn. 24, 356 S.W.2d 277, 281 (1962); ***Galleria Assoc., L.P. v. Mogk***, 34 S.W.3d 874, 876 (Tenn. Ct. App. 2000). Mutual promises are sufficient consideration. ***Rodgers v. Southern Newspapers, Inc.***, 214 Tenn. 335, 379 S.W.2d 797, 800 (1964). Under this definition, Mr. McGhee's actions

represent adequate consideration flowing to Shelby County. Consequently, Shelby County should not be allowed the benefit of this consideration without fulfilling its contractual obligations. *James Cable Partners*, 818 S.W. 2d at 344. From the plain language of the Contract, Mr. McGhee was to withdraw his appeal and, "contemporaneous with the execution of the Agreement[,]" was to tender a letter of resignation. These obligations were triggered by the execution of the Contract and were not dependent upon any action on the part of Shelby County. Shelby County was required to amend Mr. McGhee's employment record "[f]ollowing the execution" of the Contract. According to the contract Shelby County's first contractual obligation arose independent of any action on the part of Mr. McGhee as it was triggered by the execution of the Contract, not upon the withdrawal of the appeal or the tender of the resignation letter. Shelby County's second contractual obligation (i.e., to answer inquiries according to the Contract) was a continuing obligation, meaning that each time an inquiry was made Shelby County was obligated to answer that inquiry according to the terms of the Contract. Consequently, the terms of this Contract are not interdependent. Rather, the Contract has four parts that are not dependent upon each other. Mr. McGhee's obligations are triggered by the execution of the Contract. Likewise, Shelby County's first obligation to amend the records is triggered by the execution of the Contract. However, its second obligation to answer inquiries is triggered when the inquiry is made. As a result, Shelby County's second obligation did not accrue until the condition precedent i.e., the inquiry was made. As discussed in 13 Samuel Williston, <u>Treatise on the Law of Contracts</u> § 38:7 (Richard A. Lord ed., 4th ed. 2011).

> A condition precedent in a contract . . . must be performed or happen before a duty of immediate performance arises on the promise which the condition qualifies. A condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or contractual duty arises.

The result is that the Contract "has two or more parts in respect to matters or things contemplated and embraced by the contract which are not necessarily dependent upon each other." 17A Am. Jur. 2d <u>Contracts</u> §408. Consequently, we conclude that the Contract is severable. Therefore, Shelby County's breaches may give rise to separate causes of action, which may accrue at different times. We now turn to address when each breach accrued and whether the six-year statute of limitations precludes the respective causes of action.

### Breach: Failure to Amend Mr. McGhee's Employment Records

Upon execution of the contract, Shelby County was required to "adjust" and "correct" Mr. McGhee's employment record "so as to reflect his resignation . . . effective September

2, 1998." Specifically, the Contract states that:

> **Following execution of this Agreement**, Shelby County shall make such adjustments and/or corrections to the employment records of McGhee so as to reflect his resignation . . . .

(emphasis added). It is undisputed that Shelby County failed to make these "adjustments" or "corrections" to Mr. McGhee's employment record. Consequently, Mr. McGhee's employment record reflected that he had been fired, rather than that he had voluntarily resigned. In 2010, Mr. McGhee sought employment with the MPD. Upon inquiry into his employment records, the MPD found the reference to termination of his employment with Shelby County and subsequently denied him a position with the MPD. On appeal, Mr. McGhee argues that the statute of limitations began to run when he was denied the MPD position. Specifically, he contends that, until he was denied this position, he had suffered no cognizable harm. We disagree.

A cause of action for breach of contract accrues on the date of the breach **or** when one party demonstrates a clear intention not to be bound by the contract. ***Donovan v. Nat'l Commerce Bank Servs., Inc.***, 2002 WL 1751329, at *3. From this perspective, Shelby County committed its breach when it failed to make "adjustments" or "corrections" to Mr. McGhee's employment record to remove any indication that he was fired. Shelby County's contractual obligation to make these changes to Mr. McGhee's record accrued "following the execution of" the Contract. It is undisputed that the Contract was executed on January 6, 2000. Consequently, at the earliest, the statute of limitations began to run on January 6, 2000 when Shelby County failed to adjust or correct Mr. McGhee's employment record. However, Mr. McGhee contends that he did not know (or discover) the breach until he was denied employment with the MPD. Mr. McGhee refers to Shelby County's failure to make the changes to his employment record either immediately after execution of the Contract, or after the 2003 notice, as "anticipatory breach[es]." Based upon this categorization, Mr. McGhee argues that the actual breach of contract did not occur until the unamended information in his employment record was disseminated to his potential employer, the MPD. Even allowing that the discovery rule (*see* discussion *infra*) is applicable in this case so as to extend the accrual of the cause of action beyond January 6, 2000, when Shelby County failed to adjust or correct the employment record following execution of the Contract, the averments contained in the amended complaint do not support Mr. McGhee's argument that the accrual for breach of this covenant should be extended until 2010, when the MPD refused to hire him.

In ***Goot v. Metropolitan Government of Nashville and Davidson County***, No. M2003-02013-COA-R3-CV, 2005 WL 3031638 (Tenn. Ct. App. Nov. 9, 2005), this Court

first addressed the applicability of the discovery rule to toll the statute of limitations in breach of contract cases:

As a general matter, there will be little need for the discovery rule in most breach of contract cases. A buyer is immediately aware of a breach upon the delivery of nonconforming goods, and a seller knows of the breach when payment is delinquent. However, it is not difficult to envision circumstances in which a party to a contract would not be aware that the other party has breached the contract. In those circumstances, just as in tort claims involving personal injuries, it would be unjust to hold that a plaintiff's claim for breach of contract accrues before the plaintiff knew or should have known that the contract had been breached.

Many courts now apply the discovery rule to breach of contract claims and hold that a cause of action for breach of contract begins to run when a party either discovers the breach or could have or should have discovered the breach through the exercise of reasonable judgment. 31 SAMUEL WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 79:14, at 304 (Richard A. Lord ed., 4th ed.2004) [hereinafter WILLISTON ON CONTRACTS]. These courts have invoked the discovery rule in cases where (1) the breach of contract was difficult for the plaintiff to detect, (2) the defendant was in a far superior position to comprehend the breach and the resulting damage, or (3) the defendant had reason to believe that the plaintiff remained ignorant that it had been wronged. *El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1039 (9th Cir. 2003). Stated another way, the discovery rule applies in cases where the breach of contract is inherently undiscoverable. *April Enters., Inc. v. KTTV,* 195 Cal. Rptr. at 437; *J.M. Krupar Constr. Co. v. Rosenberg*, 95 S.W.3d 322, 329 (Tex. App. 2002).

*Id.* at *38–40 (footnotes omitted). A breach of contract is "inherently undiscoverable"

when the injured party is unlikely to discover the wrong during the limitations period despite due diligence. To be inherently undiscoverable, the wrong and injury must be unknown to the plaintiff because of their very nature and not because of any

-14-

fault of the plaintiff. ***In re Coastal Plains, Inc.***, 179 F.3d 197, 214-15 (5th Cir.1999).

***Goot***, 2005 WL 3031638, at *40 n. 31.[5]

In the amended complaint, Mr. McGhee specifically avers that, "[i]n 2003[, Shelby County] was given notice that [Mr. McGhee's] employment records reflected a termination, rather than voluntary resignation." Giving all reasonable inference in favor of Mr. McGhee, we can only infer from this statement that, at latest, Mr. McGhee knew that Shelby County had breached its contractual obligation to amend his employment record in 2003. The amended complaint does not indicate the exact 2003 date when notice was allegedly given to Shelby County.[6] However, even if we allow that the date of notice was the latest 2003

---

[5] This Court noted "at least two circumstances in which the invocation of the discovery rule would be improper, even when the breach of contract is inherently undiscoverable." ***Goot***., 2005 WL 3031638, at *40. The first is when the discovery rule is inconsistent with the terms of the applicable statute of limitations. *Id*. In ***Goot***, this Court was dealing with the same statute of limitations applicable to the instant case (i.e., the six year statute of limitations for contract actions, Tennessee Code Annotated Section 28-3-109(a)(3)); therefore, this exception does not apply. Next, "the discovery rule cannot supercede a contractually agreed upon limitations period as long as the agreed upon period affords a reasonable time within which to file suit." *Id*. Because the parties' Contract in this case contains no such agreement, this exception is inapplicable as well.

[6] Concerning the exact date on which Shelby County was noticed of the error in Mr. McGhee's employment record, the record contains a letter, dated March 19, 2003. The letter was filed in support of Mr. McGhee's motion for partial summary judgment. The letter was sent from Mr. McGhee's lawyer, Thomas Hansom, to Chief Deputy William Oldham at the Shelby County Sheriff's Department and states, in relevant part, that:

> [I]t has recently come to our attention that the Shelby County Sheriff's Department is in breach of [the Contract] entered into between [Mr. McGhee] and the Sheriff's Department on or about January 6, 2000 . . . .
>
> Recently, Mr. McGhee went to the Personnel Division to review his file as part of a job application which he was attempting to complete. In doing so, he observed that the record reflects a termination. Obviously, a review of the record by any other potential employer or individual would disclose the same information. By copy of this correspondence to Mr. McGhee, I am advising him of this communication and suggesting that he cooperate with you or your designee in attempting to resolve this issue immediately.

Although this information is in our record, pursuant to the applicable standard of review for

(continued...)

date (i.e., December 31, 2003), the original complaint was not filed until March 23, 2011. Consequently, giving Mr. McGhee the benefit of all reasonable inference, the six year statute of limitations would have expired, at latest, on December 31, 2009.

Our conclusion, however, merely effects the tolling of the statute of limitations on the cause of action resulting from Shelby County's breach of its obligation to amend Mr. McGhee's employment records. Because the Contract is severable, this holding does not, *ipso facto*, result in a bar to all causes of action for breach of contract. We now turn to address Shelby County's second obligation (i.e., to answer inquiries according to the contractual terms) to determine when that breach accrued.

**Breach: Failure to Answer Employment Inquiries as Contemplated under the Contract**

As discussed in detail above, Shelby County had a separate contractual obligation to answer inquiries concerning Mr. McGhee without reference to termination of his employment. Rather, Shelby County was obligated to inform potential employers that Mr. McGhee had resigned. According to the amended Complaint, in 2010, the MPD made an inquiry to Shelby County concerning Mr. McGhee's employment and was told, by Shelby County, that Mr. McGhee had been fired. This was a breach of the plain terms of the Contract. According to the amended complaint, the MPD contacted Shelby County in 2010 for information regarding Mr. McGhee's employment. Once the inquiry was received by Shelby County, its obligation to answer according to the terms of the Contract was triggered. It could not have breached the obligation until the inquiry was made. The amended complaint indicates that Shelby County told the MPD that Mr. McGhee was fired. Taking that allegation as true, this act constitutes a breach of contract. Accordingly, Mr. McGhee's cause of action based upon Shelby County's dissemination of information specifically disallowed under the Contract accrued at the time Shelby County answered the inquiry from the MPD. The amended complaint does not indicate the exact date on which Shelby County answered the MPD's inquiry; regardless, the cause of action did not accrue until sometime in 2010. Thus, the filing of the verified complaint on March 23, 2011 was well within the six-year statute of limitations.

From our review of the amended complaint, it appears that the gravamen of Mr. McGhee's claim is that he suffered harm when Shelby County disseminated the information

---

[6](...continued)
Tennessee Rule of Civil Procedure 12.02 motions to dismiss that limits our review to the complaint alone, we cannot consider the March 19, 2003 letter from Mr. McGhee's attorney to Shelby County as the date of notice.

that he was fired to the MPD. Consequently, the harm, for which he seeks redress, stems from Shelby County's second contractual obligation to answer employment inquiries according to the Contract, and does not rest upon the fact that the employment record remained unchanged. Even if we allow, *arguendo*, that Shelby County's dissemination of this information to the MPD was because it relied upon the unamended employment records, or was based upon Shelby County forwarding those records to the MPD, the breach of this contractual obligation still occurred at the point the information was disseminated and not at the point when Shelby County failed to amend the employment records.

For the foregoing reasons, we affirm the trial court's grant of the motion to dismiss on the claim arising from Shelby County's failure to amend Mr. McGhee's employment records. We reverse the grant of the motion to dismiss on the breach of contract claim arising from Shelby County's dissemination of information outside the Contract to the MPD. The case is remanded for all further proceedings as may be necessary and consistent with this opinion. Costs of this appeal are assessed one-half to the Appellant, Michael McGhee, and his surety, and one-half to the Appellee, Shelby County, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE